DETERMINED IN THE

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

## 𝕺𝖈𝖙𝖔𝖇𝖊𝖗, 1884.*

KATE T. RYCKMAN, Respondent, v. GARRETT W. RYCKMAN, Appellant.

*Judgment for alimony — if the defendant fails to pay it he may be punished for a contempt — Code of Civil Procedure, secs. 1772, 1773, 2286.*

Where a wife has procured a judgment for a limited divorce and the husband thereafter fails to pay alimony as required by the terms of the said judgment, the court may, under the provisions of sections 1772 and 1773 of the Code of Civil Procedure, punish him as for a contempt for his failure to make such payments.

The right to so punish him is not affected by the fact that the judgment was recovered before the said sections took effect.

Nor can the application be answered by affidavits showing that the defendant is unable to make the payments. To procure relief upon this ground the defendant should move to be released from imprisonment under section 2286 of the Code of Civil Procedure.

APPEAL from an order directing the issuing of an attachment against the defendant because of his failure to pay alimony directed to be paid by him to the plaintiff, by a judgment, entered in this action for a separation.

*C. E. Rushmore,* for the appellant.

*John Henry Hull,* for the respondent.

---

* Decision handed down October 31, 1884. For decisions reported October 8, 1884, see 33 Hun, page 368, *et seq.*

DANIELS, J.:

This case was before this court on a preceding occasion and the plaintiff failed to maintain her order, as no proof had then been made of service of a copy of the judgment upon the defendant or of any demand for the payment of the money directed to be paid. This proof was supplied upon the hearing of the motion, when the order was made from which the appeal has been taken, and that under the decision would probably justify an affirmance of the order without anything further being added concerning the defendant's liability than has heretofore been stated. But it has been again strenuously urged in behalf of the defendant that he is not liable to proceedings to punish him for a contempt, because of his omission to comply with the direction for payment contained in the judgment; and as the judgment itself reserved liberty to the plaintiff to apply for leave to issue an execution for the collection of the alimony unpaid it has been further insisted that this application cannot for that reason be allowed to succeed. In support of that position reliance has been placed on *Miller* v. *Miller* (7 Hun, 208). But that was not an application of this nature. It was a suit brought by the plaintiff on her judgment, to obtain money payable to the husband by means of a trust created in his favor by another person, and it became important to consider whether such an action could be sustained without an execution having been first issued and returned unsatisfied. And it was held that it could not, and that no difficulty stood in the way preventing the plaintiff from docketing her judgment for the amount then unpaid upon it, and issuing an execution to secure the benefit of the remedy provided by the statute in that class of cases. To maintain such an action the statute itself contemplated that an execution should be first issued and returned unsatisfied. (3 R. S. [7th ed.], 2182, § 57.)

The case in this respect was similar to that of *Williams* v. *Thorn* (70 N. Y., 270), and *Adee* v. *Bigler* (81 id., 349), and *Estes* v. *Wilcox* (67 id., 264). Whether also the defendant in the action might not be punished, for failing to comply with the direction contained in the judgment for the payment of the alimony, was not a point in any form then under consideration, and the decision, consequently, can be of no benefit whatever to the defendant upon this appeal.

In *Park* v. *Park* (18 Hun, 466, affirmed 80 N. Y., 156) this point was considered, and in the course of the opinions delivered it was held that the defendant might be punished for a contempt for failing to comply with a direction of this description inserted in the judgment. And section 1773 of the Code expressly authorizes such a proceeding where the court shall be satisfied that the other remedies provided for, to obtain payment of the alimony, would prove ineffectual, and this, on the defendant's own statement, was clearly a case of that description. It has been objected that this section of the Code is not applicable to the judgment in this action, as it was recovered before its enactment. And the section has been supposed to have been limited by the preceding section to such judgments as were recovered after the enactment of this portion of the Code. But that restriction has not been created by this section. It is true that it refers to judgments and orders made as prescribed in the article containing the section and the two preceding articles. But the sections in this way referred to, and contained in the two preceding articles, providing for the recovery of judgments in an action for a divorce, or separation, are the same as those previously contained in the Revised Statutes empowering the court to provide for the payment of alimony in favor of the wife. (3 R. S. [5th ed.], 236, § 58, and 238, § 67.)

What the Code has done has been to re-enact and continue in force, without interruption, these preceding provisions, and for that reason a judgment rendered before the enactment of this portion of the Code is a judgment rendered as prescribed in the articles already mentioned. And by section 1773 the husband was subjected to a proceeding of this nature for a failure to comply with the directions contained in a judgment so recovered.

It was a default in paying a sum of money, specified in section 1772 of the Code, and rendering him liable to punishment in this manner. It was a remedy in express terms providing for carrying the direction of such a judgment into effect, and it was applicable to judgments previously recovered. It was intended to provide a uniform remedy by which rights of this description could be enforced. And *Park* v. *Park* (*supra*) is a precedent for this proceeding.

Section 3352 in no form exonerated the defendant from this lia-

bility, for no right had previously been secured in any manner relieving him from punishment for disobeying the direction for the payment of alimony contained in the judgment. The proceeding to enforce the judgment was commenced after the enactment of the Code and was required to be taken under its provisions, as they have been in this instance. The authority given by this section of the Code distinguishes this case from that of *Gane* v. *Gane* (45 Supr. Ct., 355, and S. C., 46 id., 218), as well as from the case of *Baker* v. *Baker* (23 Hun, 360).

By way of answer to the application the defendant's affidavit was produced, stating his inability to make the payments required from him. But he cannot relieve himself from the obligation to comply with the direction contained in the judgment in this manner. That is made the subject-matter of a motion on his part by section 2286 of the Code.

Before he can be relieved under its provisions an opportunity must be afforded to the plaintiff to controvert the statements made by him for that purpose, and that is not secured where the affidavit may be interposed, as that affidavit was, merely as an answer to the application for his punishment. This point does not appear to have been presented by way of answer to a similar affidavit in *Cochran* v. *Ingersoll* (13 Hun, 368), and it is not therefore an authority under which the plaintiff can be deprived of the right secured to her by this section of the Code.

The order providing for the issuing of the attachment was rightly made, and it should be affirmed, with ten dollars costs, besides the disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.