## CORNELIA PARK, Respondent, *v.* RICHARD H. PARK, Appellant.

Upon the return of an attachment against defendant for an alleged contempt in disobeying the provision contained in a judgment of divorce herein, which required him to pay alimony and to give security for the payment thereof; and upon motion to vacate the attachment the court adjudged him to be in contempt, and ordered him to pay a fine, to give security in a specified amount for future alimony, and to stand committed until compliance with the order. *Held,* that the whole matter was before the court and it had jurisdiction to grant such relief.

The attachment was issued upon proof of service of copy of the judgment, with demand of payment of the alimony in arrear, with the costs, and the giving security as required by the judgment, and proof of defendant's failure to comply therewith. *Held,* that the papers served were sufficient to authorize the issuing of the writ (Code of Civil Procedure, § 14); that the judgment contained all that was necessary to advise defendant of the nature of the claim made against him.

Defendant claimed that the attachment should have been vacated, because based on his refusal to pay costs. *Held,* untenable, as it was issued for "disobedience to the lawful mandate of a court" (Code of Civil Procedure, § 14, sub. 3); and that the provision of the statute of 1847 (§ 2, chap. 390, Laws of 1847), prohibiting imprisonment for contempt in not paying costs, had no application.

The action was commenced by the service of a summons; defendant did not appear; it was objected that the court had no jurisdiction to decree alimony, because no complaint demanding it was served. *Held,* untenable; that if the judgment was erroneous in this respect it should have been corrected on motion to vacate or modify.

Also, *held,* that plaintiff was not estopped from enforcing, in this manner, payment of alimony, by the fact that the judgment authorized an execution to be issued.

It was objected that no competent order was made for the issuing of the attachment; this objection was not raised at Special Term. Upon the

attachment was an indorsement signed by the clerk of the court stating that it was issued by special order of the court. *Held*, that the presumption was that such an order had been made; but in any event, as the objection was not raised below, it was not available here.

(Argued January 27, 1880; decided February 24, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, affirming an order of Special Term, adjudging defendant in contempt. (Reported below, 18 Hun, 466.)

This was an action for absolute divorce; it was commenced by the service of the summons alone. Defendant did not appear, and on the report of a referee judgment was given April 24, 1867, dissolving the marriage, awarding the plaintiff $300 per annum, final alimony, with costs, and requiring defendant to give security, to be approved by one of the justices of the Supreme Court, for the payment of the alimony, also authorizing the issuing of execution for alimony. Judgment was not perfected until October, 1877, when an order was granted directing the judgment-roll to be corrected and perfected by inserting therein the costs as taxed, and that the judgment be docketed as of December 10, 1868. A copy of the judgment, with a notice containing a statement of the amount of alimony in arrears, and of the costs, and demanding payment of the same, also requiring defendant to give security, was served upon defendant. Upon affidavits showing a failure to comply, with the judgment, that no part of the alimony had been paid, and that in violation of the judgment defendant had married again and was in receipt of large sums of money, an attachment was issued. The matter was referred to a referee to take and report the evidence. Upon the coming in of his report defendant moved to vacate the attachment upon the following grounds; that the payment of final alimony could not be enforced by attachment; that plaintiff having elected to collect the same by execution by putting a clause to that effect in the judgment, was estopped from proceeding by attachment; that as

defendant had shown his inability to pay or give security, he could not be compelled so to do, or be imprisoned, because he could not ; that as the amount, sought to be enforced, included costs, the attachment must fall, as the payment of costs cannot be so enforced ; and that no sufficient demand had been made. An order was granted denying the motion to vacate, fining defendant "for his misconduct," the costs and expenses of the proceeding, requiring him to give security in the sum of $3,000 for the payment of alimony, thereafter accruing ; and that he stand committed until compliance with the order.

Further facts appear in the opinion.

*Edward C. Ripley*, for appellant. The Special Term erred in requiring defendant to give security. (*Brinkley* v. *Brinkley*, 47 N. Y., 40.) The attachment should have been vacated and set aside, because neither the complaint nor any motion papers for alimony, nor any affidavits or papers upon which the attachment was founded and granted were ever served upon the defendant. (3 R. S. [5th ed.], 470, § 10, part 3, chap. 3, title 2, art. 1; *Ward* v. *Arensen*, 10 Bosw., 589; *Forrest* v. *Forrest*, 6 Duer, 102 [150].) Payment of costs and alimony, in a final judgment for divorce, cannot be enforced by proceedings as for contempt ; the remedy is by execution. (*Lansing* v. *Lansing*, 4 Lans., 377; *Miller* v. *Miller*, 7 Hun, 208; *Gane* v. *Gane*, 8 N. Y. Week. Dig., 552.) The order should be reversed, because no sufficient demand has ever been made. (*McComb* v. *Weaver*, 11 Hun, 271; *Gane* v. *Gane*, *supra ;* *Cochran* v. *Ingersoll*, 13 Hun, 368; E. D. Smith, 612.) The decree should not be enforced by attachment, because the plaintiff's laches have been so great as to place it out of the defendant's power to comply with its provisions. (*Francia* v. *Oddie*, Ch. Rep. [3d ed.], [1st ed.] 455, [2d ed.] 480.) The fact that a party is in contempt for disobeying an order or decree does not prevent him from moving to vacate that order ; he is not prevented from applying for that to which he is entitled as a

matter of strict right. (*Sprat* v. *Huntington.* 2 Hun. 341; *Brinkley* v. *Brinkley*, 47 N. Y., 40.)

*Sam. Tro. Smith*, for respondent. The attachment was properly granted under section 14 of the Code of Civil Procedure, subdivision 3. (R. S., pt. 3, chap. 8, title 3, § 19.) A bailable attachment may properly issue in such a case. (*Pitt* v. *Davidson*, 34 How., 355; 37 N. Y., 235; 2 Tiffany & Smith's Pr., 167.) The court had authority to require security. (2 R. S., 148, § 60; *Forrest* v. *Forrest*, 6 Duer, 104.)

MILLER, J. The claim of the counsel for the appellant, that the judge erred in assuming to decide a matter which was not before him, is not, we think, well founded. The proceeding before the Special Term was upon the return of the attachment against the defendant for an alleged contempt, in disobeying the provision contained in the decree of divorce between the plaintiff and himself, requiring the defendant to pay and give security for the payment of the allowance granted to the plaintiff. The whole matter relating to this provision was before the court, and it had complete jurisdiction to grant such relief and to make such order as the facts and circumstances warranted. Instead of compelling the defendant to pay the whole amount of alimony in arrears, or to give security for the same, the court in the exercise of its discretion, upon the hearing, only required security for the payment of alimony which might become due in the future. This was clearly within its jurisdiction, and more favorable to the defendant than, under the circumstances, might have been required. There was, we think, no ground for vacating the attachment because the proper papers were not served ; and it was sufficient that a copy of the decree, which made provision for the payment of alimony, was served upon the defendant, with a statement of the amount unpaid, and a demand made for the same. The decree was the foundation of the proceeding, and it contained all that was

necessary to advise the defendant of the nature of the claim made against him. The Code of Civil Procedure (§ 14) provides that a court of record may punish by fine and imprisonment, or either, in certain cases which are enumerated, and among them, under subdivision three, for "disobedience to the lawful mandate of a court." The proceeding was under this provision, and the defendant was fully advised that he was proceeded against on this ground.

The claim that the attachment should be vacated because it was based on the refusal of the defendant to pay the costs of the suit, is sufficiently answered by the fact that it was issued for a disobedience of the order of the court. The provisions of chapter 390, Laws of 1847, have no application to such a case.

The objection that the court had no jurisdiction to decree alimony because no complaint demanding alimony was served, is not well taken. As we have seen, service of a copy of the decree was sufficient; and as it does not appear that the judgment exceeded the demands of the complaint, no injustice was done. The proper course, if the judgment was wrong in this respect, would be to move to vacate or modify the same.

We think that the plaintiff was not estopped from enforcing payment of alimony by reason of the provision in the decree authorizing an execution to be issued. The proceeding is for disobedience of an order of the court and to compel the defendant to furnish the security required by the decree, and the final order of the Special Term, provides for this as to future alimony. The provision that execution may issue does not interfere with the order that security be furnished.

The position that payment of the costs and alimony cannot be enforced by proceedings for contempt, is sufficiently answered in the opinion of the General Term, with which we concur, and does not require discussion.

The claim that the Special Term erred in not vacating the attachment because no order was made for the issuing of

the same by any competent authority, and no competent authority fixed the amount of bail, cannot be upheld. The decree provided for the payment of alimony and the giving of security, and a failure to comply with its mandate would entitle the plaintiff to relief. The attachment was to answer for this failure and contained an indorsement that it was issued by the special order of the court, and that the defendant should be held to bail in the sum of three hundred dollars, and was signed by the clerk of the court. The presumption is that such an order had been made, or the clerk would not have so certified. In the absence of any objection made at Special Term as to the right of the clerk to make such direction, or of any request to produce the order, the indorsement was, we think, sufficient to show that such order was actually made. Aside, however, from this, it is a complete answer to the objection now urged, that it was not taken before the Special Term, and no motion made to set aside the attachment upon any such ground. On the contrary, upon the return the defendant orally moved to vacate the attachment upon several grounds which appear in the appeal papers; but the objection referred to was not one of them. In fact, after other objections had been made and were overruled, interrogatories were filed and answered, testimony taken as to the ability of the defendant to give security, and the entire proceeding brought to a hearing, without any such objection being interposed. Had the point now urged been taken, it might have been obviated by the production of the proper order authorizing the attachment and fixing the amount of bail. As it is evident that the objection was not made, and no opportunity was given to meet the same, it must, under the circumstances, be regarded as waived by the defendant. No rule is better settled than that on a motion to set aside a proceeding of this kind for irregularity, the party must state the grounds of his motion and show affirmatively the defect or omission of which he complains, and by affidavit or otherwise must create such a presumption as will cast upon the other party the *onus* of

proving that his proceedings are regular : (*Baker* v. *Stephens*, 10 Abb. [N. S.], 1.)   The defendant did no such thing.; and as there was an entire failure in this respect, and the proceedings were had without any such objection being properly presented, it is not now available.   It may also be observed that no such objection is considered in the opinion of the General Term, and it appears to have been now raised on appeal for the first time.

No other questions raised demand discussion, and the order must be affirmed, with costs.

All concur.

Order affirmed.