SOLOMON ISAACS, Respondent, *against* JEANNE F. ISAACS,
Appellant.

(Decided January 3rd, 1882.)

The provisions of sections 1769, 1772, 1773, of the Code of Civil Procedure,
for the punishment of disobedience of judgments or orders requiring
payment of alimony in matrimonial actions, are exclusive of the general
provisions contained in section 2268 regulating punishment of contempts,
and furnish the sole method of proceeding for that purpose in such ac-
tions. The intention of the legislature was to prevent the imprisonment
of the party so disobeying until proceedings against property had failed,
or the court was satisfied, from facts, of the inutility of a direction for
such proceeding.

APPEAL from an order of this court setting aside an order
of commitment.

This is an action for divorce. At a special term of this court,
held in June, 1881, an order was granted directing payment
of temporary alimony and a counsel fee by the plaintiff to the
defendant or her attorneys. Such order not having been
obeyed, after service and demand, a warrant of commitment
was issued upon application, June 21st, 1881. This warrant
was vacated upon motion, by an order of the court dated July
21st, 1881. From this order the defendant appealed.

*McMahon & Munger*, for appellant.

*D. Calman* and *Lewis Sanders*, for respondent.

BEACH, J.—Under the former practice, the enforcement of
this order would undoubtedly have been by the course here
taken. This would have been proper by virtue of title 13,
chapter 8, part 3, section 4 of the Revised Statutes, under con-
tempts, and was the only way then existing. By sections
1769, 1772, 1773 of the Code of Civil Procedure, under the
head of Matrimonial Actions, the system contained in sections
58 and 60 of article 5, title 1, chapter 8, part 2 of the Revised
Statutes, under Divorce, seems to have been substantially re-
enacted. Section 4 of the Revised Statutes was also re-enacted

Isaacs *v.* Isaacs.

in section 2268 of the Code, under Punishment of Contempts. By the above provisions relating to matrimonial actions, is provided a manner of punishing disobedience of the order, by imprisonment, and the circumstances under which a resort thereto may be had. The question involved here, is whether such proceeding is the sole method, or whether resort may be had to the power given by section 2268. In my opinion, disobedience of the order can only be punished as provided in those sections. Enactments regulating proceedings in specified actions are exclusive, and remove them from the effect of general legislation, which under other circumstances would apply. The general provision of the Revised Statutes regarding contempts, formerly included the disobedience of orders for payment of alimony *pendente lite*, but when the legislature made specific provision regulating the imposition of like punishment under certain circumstances and in a specified manner in actions for divorce, the design is apparent to transfer that class of actions from under the general provisions regulating punishment of contempts, leaving them subject only to those specifically relating to them, in that regard. It would be difficult to imagine any sensible reason for the requirements necessitated by the sections governing matrimonial actions, before a disobedient party may be imprisoned, if, by section 2268, under a general head, the same result may be reached, without the pre-requisites made needful by the sections particularly applicable. The intention of the legislature was to prevent the imprisonment of a party disobeying an order directing payment of temporary alimony, until proceedings against property had failed, or the court was satisfied, from facts, of the inutility of a direction for such proceeding. I see nothing intricate, cumbrous, or likely to produce delay, in the system provided, and it commends itself, by preventing the harsh remedy of a prison, until after pursuit of property shall either prove useless, or be made to appear a futile undertaking.

The order is affirmed with costs.

J. F. DALY, J., concurred.

Order affirmed, with costs.