32 193
19ap296

KATE T. RYCKMAN, APPELLANT, v. GARRET W. RYCKMAN, RESPONDENT.

*Attachment — what must be shown to authorize the issuing of one on the ground of the non-payment of alimony.*

To authorize the issue of an attachment against a defendant for refusing to comply with the directions, for the payment of alimony, contained in a judgment recovered against him, it must be shown that a certified copy of the judgment has been served upon him and that a specific demand has been made for the amount alleged to be due.

APPEAL from an order made at a Special Term denying a motion made for the punishment of the defendant for the non-payment of alimony recovered against him in an action for a limited divorce.

*John Henry Hull,* for the appellant.

*Stephen W. Fullerton,* for the respondent.

DANIELS, J.:

Under the authority of *Park* v. *Park* (80 N. Y., 156) the defendant would be liable to punishment for contempt for refusing to comply with the directions contained in the judgment for the payment of alimony; for it would be a disobedience of a lawful mandate of the court, and as such the proper subject of punishment by proceedings for a contempt. (Code, §§ 14, 2266.) But to subject him to such punishment under the authority of the provisions of the present Code, or of the practice preceding it, a certified copy of the judgment has been required to be served upon him and a demand for the money made upon him. (Code, §§ 1246, 2268.)

When that may appear to have been done a case for an attachment will be made out. For it is only for the costs in such an action that an execution has been authorized to be issued. (Code, § 1769.) And where that process cannot be resorted to for the collection of a judgment, an attachment may be issued under the authority of section 1241 of the Code.

But by the affidavit which was made the foundation of the application, it was not made to appear either that a certified or any other copy of the judgment had been served upon the defendant,

or that the amount claimed to have become due under its direction had been demanded of him. In both these respects the application was without legal foundation and because of their absence the motion to punish the defendant was properly denied. He could not under these provisions of the Code, which in these respects are substantially the same as the preceding law, be punished for a contempt simply because he had neglected to pay the alimony. And that is all the default charged against him by the affidavit of the plaintiff. More than this has been clearly required. For if the judgment itself has been properly served, a specific demand for the money alleged to be due must be made before a proceeding of this nature can be successful.

The order from which the appeal has been taken should be affirmed, but as the application is in favor of the wife, who is dependent upon the performance of the directions in the judgment, it should be without costs.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, without costs, and without prejudice to another application.