STANLEY v. STANLEY.

(Supreme Court, Appellate Division, Third Department. December 7, 1906.)

1. DIVORCE—ALIMONY—ENFORCEMENT—CONTEMPT PROCEEDINGS.
     Code Civ. Proc. § 1773, specifically authorizes proceedings for contempt
     for the enforcement of a judgment directing the payment of alimony.

2. SAME—STATUTES.
     Code Civ. Proc. § 1241, providing the cases in which a judgment may
     be enforced by punishment for disobeying it, has no application to a
     judgment for alimony.

3. SAME—SERVICE OF DECREE—DEMAND.
     Prior to the institution of contempt proceedings for the nonpayment of
     alimony, as authorized by Code Civ. Proc. § 1773, a certified copy of the
     decree was properly served on the defendant, and a personal demand
     made for the alimony.

Appeal from Special Term.

Action by Sarah Taylor Stanley against James William Stanley.
From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-
LOGG, and COCHRANE, JJ.

Isaac N. Jacobson, for appellant.
Albert J. Graeffe (John J. Linson, of counsel), for respondent.

PER CURIAM. By section 1773 of the Code of Civil Procedure
this proceeding for contempt is specifically authorized in enforcement

of a judgment directing the payment of alimony. The case is therefore taken out of the rule as to actions generally prescribed by section 1241 of the Code. This section 1773 was first inserted in our law in 1880, when the second part of the Code of Civil Procedure took effect. When the case of Park v. Park, reported in 80 N. Y. 156, arose, therefore, there was no such specific provision of law applicable to these actions. The case of Mercer v. Mercer, 73 Hun, 192, 25 N. Y. Supp. 867, relied upon by defendant, arose upon an order directing payment of counsel fee, and not of alimony.

A certified copy of the decree was properly served upon the defendant, and a personal demand for the alimony. The delay in making the demand is shown to have been caused by the absence of defendant from the state. That the rights of plaintiff have been impaired and defeated by defendant's failure to pay the same is undoubted, and we discover no reason for interfering with the order of the Special Term.

Order affirmed, with $10 costs and disbursements.