### LEAVITT v. DE VRIES.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. EVIDENCE—PAROL EVIDENCE—VARYING TERMS OF WRITTEN INSTRUMENT.

While the practical construction of a contract aids in its interpretation, a parol agreement as to the meaning of a written contract may not be resorted to for the purpose of construing it, though in some cases it may be important evidence in an action to reform it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 1756.]

2. SAME.

The court should be slow in allowing a formal contract in writing, executed by parties represented by counsel, to be modified by parol.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 1756.]

3. SAME.

By a written contract between a theatrical manager and an actor, a prior contract between them was canceled, and as a condition thereof the actor agreed that he would pay the manager a specified sum per week for a certain number of weeks, payable at the end of each week, out of the salary he might receive, and it was agreed that, in case the actor should not perform, no payment should be made to the manager, etc. The manager was represented by an attorney, present at the time of the execution of the contract. *Held*, that the contract conclusively embraced the entire obligation of the actor with respect to weekly payments, and it could not be varied in that respect by parol.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 1756.]

Appeal from Trial Term.

Action by Abraham Leavitt against Henri De Vries. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Norman W. Kerngood, for appellant.
L. M. Dittenhoefer, for respondent.

LAUGHLIN, J. The action is on claims assigned to plaintiff by Michael B. Leavitt. Three causes of action are set forth in the complaint, but upon the trial the plaintiff stood upon the first and waived the second and third. The plaintiff's assignee was a theatrical manager, and the defendant is an actor by profession. Plaintiff's assignor

and one McLellan were copartners as theatrical managers. On or about the 19th day of November, 1905, plaintiff's assignor and Mc-Lellan entered into a contract in writing with the defendant, under date of the 23d day of October, 1905, concerning the organization of a theatrical company for the purpose of touring through the United States and Canada, with the defendant as the star artiste. The defendant came to New York and appeared at Madison Square Theater in an engagement procured for him and his company by the plaintiff's assignor and his partnership, pursuant to the contract. Thereafter, and on the 27th day of January, 1906, another contract was made between plaintiff's assignor and his partner, as copartners and individually, designated as parties of the first part, and the defendant, designated as party of the second part, in and by which the former contract of October 23, 1905, was canceled and annulled. As a condition of canceling and annulling the former contract, the defendant agreed, among other things, to pay the plaintiff "the sum of two hundred dollars ($200) a week for seventeen (17) weeks, after February 5, 1906, payable at the end of each week, out of the salary of said party of the second part which he may receive." After reciting other agreements on the part of the defendant, not material to the issue presented by this appeal, the contract further provided as follows:

"It is expressly understood and agreed that, in case said party of the second part shall not perform, no payment shall be made to said Leavitt, nor shall he be entitled to receive any sum from said party of the second part, except as the same may be earned by said party of the second part, and that the time of such payment shall only continue for seventeen (17) calendar weeks from and after February 5, 1906, and only under the conditions aforesaid."

The contract contained no provision obligating the defendant to appear in any engagement that might be procured for him by plaintiff's assignor or his partner, individually or otherwise. It appears that the defendant accepted engagements for the period of 10 weeks immediately succeeding the 5th day of February, 1906, and that he paid the plaintiff the sum of $2,000 on account of the salary thus earned, pursuant to the contract. The first cause of action is to recover the sum of $1,400 for the remaining 7 of the 17 weeks specified in the contract. The plaintiff alleges that at the time the agreement of January 27, 1906, was executed, it was agreed between the parties that the weekly payment of $200 specified in the contract should be made for such portion of the period of 17 weeks as the defendant refused to appear in engagements procured for him. The agreement of January 27, 1906, was signed in the office of one Morris, an agent for vaudeville managers. The plaintiff's assignor and his partner were represented by an attorney, who was present. The contract was produced at that time by the defendant's attorney, and read by plaintiff's assignor before it was signed. The plaintiff was permitted to show, over objection and exception duly taken by defendant, that the evidence was incompetent, that on reading the contract his assignor drew attention to the fact that it contained no provision obligating the defendant to accept any engagements which the plaintiff's assignor or his firm or partner might procure, and that the defendant said:

"That is for 17 weeks, if I play or pay. You get me the engagement, and I will play, and you get the $200; and if you don't get me the engagement, and I don't play, of course, you can't the $200."

And thereupon the contract was signed. The plaintiff further showed that his assignor subsequently procured an engagement for 7 of the 17 weeks for the defendant, and requested him to sign a contract accepting the same, which he agreed to do provided his transportation would be furnished, and that the transportation was not furnished, and defendant failed to appear.

It is quite clear that the court erred in receiving this evidence. It tended to vary the written contract, which expressly provided that the defendant was not to pay, excepting from salary received by him, and that he should not be obligated to make the weekly payments in case he should not perform. The evidence, at most, consisted of parol negotiations prior to the execution of the contract, which were merged in it. If the evidence be deemed an agreement of the parties with respect to the interpretation of the contract, that does not aid the plaintiff. The practical construction of a contract aids in its interpretation; but a parol agreement as to the meaning of a contract may not be resorted to for the purpose of construing it, although in some cases it may be important evidence in an action to reform the instrument. The court should be slow in allowing a formal contract in writing, executed by parties represented by counsel, to be changed or modified by parol evidence. The contract must be conclusively deemed to embrace the entire obligation of the defendant with respect to the weekly payments of $200, and, since it was not shown that he performed or earned a salary during the seven weeks in question, he is not liable to the plaintiff.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.