STEWART v. STEWART.

(Supreme Court, Appellate Division, First Department.   July 8, 1908.)

1. DIVORCE—ALIMONY—ENFORCEMENT OF ORDER—STATUTORY PROVISIONS—EX-
   CLUSIVENESS OF REMEDY.
      Code Civ. Proc. § 1773, provides that the court may, in its discretion, under stated circumstances, make an order requiring a husband to show cause why he should not be punished for failure to make payment of alimony.   Section 2268, relating to contempt other than criminal contempt, provides that, where the offense consists of neglect or refusal to obey an order of the court requiring the payment of a specified sum of money, etc., the court may issue without notice a warrant to commit the offender to prison until the sum and expenses of the proceeding are paid.   *Held*, that the intent of the Legislature in making the special provisions relating to matrimonial cases was to make the remedies therein provided exclusive for such cases; hence proceedings under section 2268 for contempt in failing to pay alimony will not lie.

2. SAME—VALIDITY OF COMMITMENT ISSUED WITHOUT NOTICE OR ORDER TO
   SHOW CAUSE.
      In view of Code Civ. Proc. § 1773, a commitment for contempt for failure to pay alimony is void, when issued without notice or order to show cause.

      [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 759.]

3. SAME—PAYMENT OF ALIMONY UNDER DURESS—EFFECT ON APPEAL.
      Where the defendant, after arrest under a commitment for contempt which was invalid for lack of order to show cause, paid the alimony under duress, he is not debarred from his right to have the order vacated on appeal.

4. COURTS—CO-ORDINATE COURTS—JURISDICTION—VACATING ORDER.
      An order made by a judge or court without authority may be reviewed by a court of co-ordinate jurisdiction, and should be vacated by it on notice.

      [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 1279–1287.]

Appeal from Special Term, New York County.

Action by Emma B. Stewart against William J. Stewart.   From an order of the Special Term denying defendant's motion to vacate an order, granted ex parte, adjudging him guilty of contempt in failing to pay alimony, he appeals.   Reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Harry C. Kayser, for appellant.
Edwin F. Stern (Francis W. Russell, on the brief), for respondent.

LAUGHLIN, J. The plaintiff proceeded in accordance with the provisions of section 2268 of the Code of Civil Procedure, which is a general provision relating to contempts arising out of the neglect or refusal to obey an order of the court requiring the payment of costs, or of a specified sum of money, and which purports to authorize in such cases, on proof of the facts therein specified, the issue, without notice, of a warrant of commitment.

The question presented for decision by the appeal is whether the contempt proceedings in matrimonial actions may be originated pursuant to the provisions of section 2268 of the Code of Civil Procedure, or whether their inception is exclusively governed by the provisions of section 1773 of the Code of Civil Procedure, which provides as follows:

"Where the husband makes default in paying any sum of money specified in the last section, as required by the judgment or order, directing the payment thereof; and if it appears presumptively, to the satisfaction of the court, that payment cannot be enforced by means of the proceedings prescribed in the last section, or by resorting to the security, if any, given as therein prescribed, the court may in its discretion, make an order requiring the husband to show cause before it, at a time and place therein specified, why he should not be punished for his failure to make the payment; and thereupon proceedings must be taken to punish him, as prescribed in title third of chapter seventeen of this act. Such an order to show cause may also be made, without any previous sequestration, or direction to give security, where the court is satisfied that they would be ineffectual."

It is to be observed that section 1773 relates specifically to matrimonial actions, and it would seem, upon principle, that, since it contains special provisions relating to this class of actions, it, rather than a section containing provisions relating to actions generally, would govern. It is quite clear that it authorizes a proceeding for contempt on the facts disclosed by this record, namely, for a failure of a husband to comply with a decree with respect to the payment of alimony. If the Legislature intended to authorize the institution of the proceeding, either by an ex parte application, or on an order to show cause, or by attachment as provided in sections 2268 and 2269 of the Code of Civil Procedure, respectively, then there was no occasion for this special provision in the title relating to matrimonial actions. It would seem, therefore, that the Legislature, by making this special provision relating to this class of actions, intended that it should be exclusive, and, if so, it is clear that the proceeding must originate on an order to show cause.

Prior to the incorporation of section 1773 in the Code of Civil Procedure in 1880, there was no separate provision regulating the commencement of contempt proceedings in matrimonial actions; but, since these provisions were inserted, they have been usually, if not uniformly, construed by the courts as exclusive with respect to contempt proceedings in matrimonial actions. Stanley v. Stanley, 116 App. Div. 544, 101 N. Y. Supp. 725; Sandford v. Sandford, 9 Civ. Proc. R. 289; Isaacs v. Isaacs, 10 Daly, 306; Delanoy v. Delanoy, 19 App. Div. 295, 46 N. Y. Supp. 106; Goldie v. Goldie, 77 App. Div. 12, 79 N. Y. Supp. 268; Schweig v. Schweig (Sup.) 107 N. Y. Supp. 905.

Counsel for respondent argues that since the order adjudging the defendant guilty of contempt was a court order, and not a judge's order, it could be reviewed by a court of co-ordinate jurisdiction. If the order were authorized by law, doubtless that objection would be unanswerable; but an order made by a judge or court without authority and without notice may and should be vacated by the court on notice. There being no authority to issue a commitment until after notice to the defendant by an order to show cause, the order which the defendant moved to vacate was a nullity, and should have been vacated. The fact that the defendant, after having been arrested under the order, paid under duress to obtain his liberty the amount, does not debar him of the right to have the order vacated.

It follows that the order should be reversed, and motion to vacate the order adjudging the defendant guilty of contempt and directing his commitment granted, but without costs. All concur.

