PEOPLE ex rel. READY v. WALSH, Sheriff.

(Supreme Court, Appellate Division, Fourth Department.  May 5, 1909.)

1. DIVORCE (§ 269*)—ALIMONY—FAILURE TO GIVE SECURITY—CONTEMPT.
    While under Code Civ. Proc. § 1772, where a husband fails to give
    bond to secure the payment of alimony, or to pay it, his personal prop-
    erty and the rents and profits of his real estate may be sequestered, and
    under section 1773 proceedings to punish him for contempt for failure to
    pay will lie, if it cannot be enforced through the sequestration proceed-
    ings or by resorting to the security, the husband cannot be punished

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for contempt in failing to execute the bond; the remedy provided by such sections for enforcing the provisions of the decree, requiring the giving of security, being exclusive.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 269.*]

2. DIVORCE (§ 269*)—ALIMONY—FAILURE TO PAY—CONTEMPT—TERM OF IMPRISONMENT.

Under Code Civ. Proc. § 111, one may not be imprisoned for a longer period than three months for contempt in failing to pay alimony as directed by a divorce decree, where the amount of such alimony is less than $500.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 269.*]

Appeal from Special Term, Onondaga County.

Habeas corpus by the People, on the relation of William B. Ready, against Thomas F. Walsh, Sheriff of Onondaga County. From an order discharging relator from custody, Nora G. Ready, a person interested, appeals. Affirmed.

The appellant commenced an action in the Supreme Court against her husband, the relator, and judgment for a separation was rendered in her favor and entered in the Onondaga county clerk's office on the 15th day of July, 1907, directing, among other things, that the relator pay to his wife the sum of $15 per week, and within 20 days after entry and service of a copy of the decree that he execute and deliver to her, with sufficient surety or sureties, a bond or undertaking in the penalty of $2,500, in the usual form, conditioned that he pay the said $15 weekly, the bond to be approved as to its form and sufficiency by the court or a judge thereof. On the 10th day of October, 1908, an order was made adjudging the relator guilty of contempt of court for his failure to pay his wife the sum of $30 alimony and to execute and deliver the bond, fining him the said sum of $30, besides $4.97 costs and sheriff's fees, and the further sum of $2,500, the amount of the bond, and directing that a warrant of attachment issue for his arrest, committing him until he paid the fine of $34.97, and also paid the further fine of $2,500, or executed the bond. A warrant of attachment was issued accordingly, and the relator taken into custody by the sheriff and committed to the jail of Onondaga county. He did not pay the fines or execute the bond. After his imprisonment for three months, a writ of habeas corpus was issued upon the relator's petition, and upon the return thereof an order was made discharging the relator from imprisonment, upon the ground that the court had no authority to punish the relator for the failure to give the bond. The sheriff does not appeal, but the wife, having appeared upon the proceeding and objected to the relator's discharge, appeals from the order.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Walter Welch, for appellant.
Francis J. Lynch, for respondent Ready.
Ernest I. Edgcomb, for respondent Walsh.

KRUSE, J. Upon the failure of the relator to give the bond or pay the alimony as the judgment directed, the wife was entitled to an order causing his personal property and the rents and profits of his real estate to be sequestered to enforce payment of her alimony. Section 1772, Code Civ. Proc. She could also, for his failure to pay the alimony, take proceedings to punish him for contempt, if made to appear presumptively to the satisfaction of the court that payment cannot be enforced by means of the sequestration proceeding or by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

resorting to the security. Section 1773, Code Civ. Proc. But we think the relator cannot be punished for contempt in failing to execute the bond. The amount of the alimony, for nonpayment of which the relator was committed, was less than $500, and he had been imprisoned three months. He was, therefore, properly discharged upon the writ of habeas corpus, since the Code provides that in such cases no person shall be imprisoned for a longer period than three months. Section 111, Code Civ. Proc.

There are other provisions of the Code which provide for punishing the disobedience of lawful orders and mandates of the court, and noncompliance with its judgments (sections 14, 1241, 2266, Code Civ. Proc.); but they do not apply to the enforcement of the judgment for the giving of security in a matrimonial action. Special provision is made for the enforcement of orders and judgments in such actions, as regards the payment of alimony and giving of security, by the sections of the Code referred to (sections 1772, 1773), and the remedy there provided for, for enforcing the provisions of the decree requiring the giving of security, we think, is exclusive. Stewart v. Stewart, 127 App. Div. 724, 111 N. Y. Supp. 734. Whether the wife has availed herself of that remedy does not appear, either by a recital in the orders or otherwise; but, whether she has or not, that, I think, is her only remedy for the enforcement of the provision of the judgment requiring the relator to execute the bond.

The order should therefore be affirmed.

Order affirmed, without costs. All concur.