### MOORE v. MOORE.

(Supreme Court, Appellate Division, First Department. January 20, 1911.)

1. CONTEMPT (§ 66*)—APPEAL—SCOPE OF REVIEW.

On appeal from an order adjudging defendant in contempt for disobedience to a judgment and order, the court will only inquire whether the court had jurisdiction to grant the judgment and order and will not consider irregularities, especially when the decree disobeyed was entered upon the consent of the defendant, as such grounds of objection can be corrected on appeal from the judgment.

[Ed. Note.—For other cases, see Contempt, Dec. Dig. § 66.*]

2. DIVORCE (§ 274*)—ALIMONY—ENFORCEMENT OF JUDGMENT.

A wife who has obtained a judgment for a divorce and alimony after exhausting the remedy given her by the Code to obtain payment of the alimony may resort to equity to subject the surplus income over what is required for the husband's support of a testamentary trust created for the husband's benefit without any valid direction for the accumulation of the income to the payment of her alimony.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 748; Dec. Dig. § 274.*]

3. DIVORCE (§ 269*)—ENFORCEMENT OF ALIMONY—CONTEMPT PROCEEDINGS.

Code Civ. Proc. § 1772, provides that, when an action is brought upon a foreign judgment of divorce for adultery, the court may direct the husband to give reasonable security for the payment of alimony under the judgment, and, if he fails to give the security or defaults, the court may appoint a receiver for his personal property. Held, in an action to enforce a foreign judgment for alimony, that defendant could be required to give security only under section 1772, and that, on his failure to give security, the court is confined to the remedy of sequestration provided in said section, and cannot commit defendant for contempt for failure to give security.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 269.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Gertrude L. Moore against Henry G. Moore. From a judgment adjudging defendant guilty of contempt of court, he appeals. Modified and affirmed.

See, also, 132 App. Div. 926, 117 N. Y. Supp. 1141; 126 N. Y. Supp. 413.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Roger Foster, for appellant.

Morgan J. O'Brien, for respondent.

MILLER, J. On the 19th of May, 1902, a judgment of absolute divorce on the ground of adultery was rendered in favor of the plaintiff and against the defendant in the court of common pleas for the county of Philadelphia, state of Pennsylvania. The judgment required the defendant to provide for the support of the plaintiff, and to pay her alimony at the rate of $333.33 a month. Thereafter the defendant absconded from the jurisdiction of the said court, and became a resident of the state of New York. On the 28th day of February, 1903, the plaintiff recovered a judgment against the defendant in the City Court of the city of New York for back alimony amounting to $1,999.98, and an execution issued thereon was returned unsatisfied. Thereafter this action was brought, and resulted in a judgment on the 29th of March, 1910, adjudging that the Pennsylvania judgment be made the judgment and decree of this court; that the plaintiff recover back alimony, amounting to, with interest, to the sum of $35,234.71; that the defendant be required to pay the plaintiff at the rate of $333.33 per month; that he be required to give an undertaking in the penalty of $60,000, conditioned upon compliance with the judgment, and with any further orders, judgments, or decrees that may be made; that he be required, upon receiving the monthly installments of income from the executors and trustees of his father, late of the city of Philadelphia, in the state of Pennsylvania, to pay over to the plaintiff the sum of $1,400 per month to be applied, $333.33 as the monthly installment of alimony, and the balance, after the payment of costs and disbursements, toward the payment of the back alimony until said sums be fully paid, and thereafter the sum of $333.33 monthly during the natural life of the plaintiff, and that, in default thereof, the plaintiff should be entitled to a further order at the foot of the judgment appointing a receiver and directing the defendant, immediately upon receiving said installments of income, or the checks therefor, to deliver them indorsed to the receiver to be applied by the latter, $1,000 a month to the defendant, which was adjudged to be sufficient and proper for his support, and the balance to the plaintiff in the manner aforesaid. The sum of $1,750 only has been paid by the defendant pursuant to that judgment. The defendant appealed from said judgment, and applied for a stay, and thereupon elected to have the provision of the judgment for the receivership become effective; and an order was entered accordingly upon his consent on the 12th day of April, 1910, which recited that the counsel for the plaintiff stipulated in open court that if the defendant made the payments and delivered the several checks to the receiver as ordered, pending the decision of the appeal, he would not move to punish the defendant for contempt in failing to give the undertaking. However, the defendant, instead of complying with the order, fled the jurisdiction of this court, whereupon the motion resulting in the order appealed from was made.

That order adjudges the defendant in contempt for failing to give the required undertaking in the penalty of $60,000; for failing to make the monthly payments of $1,400 for the months of April, May, June, July, August, and September, 1910, and for the failure to deliver to the receiver the checks, duly indorsed, received by him from the Fidelity Trust Company of Philadelphia, one of the executors and trustees under the last will and testament of Andrew M. Moore, deceased, in each of said months, and adjudges that he be committed to, and confined in, the common jail of the county of New York until he purge himself of his contempt by complying with the said order of April 12th.

We are not disposed to inquire into the judgment and order disobeyed further than to see whether the court had jurisdiction to grant them. If either be erroneous, except upon jurisdictional grounds, they are to be corrected upon appeal. Irregularities cannot be invoked as a defense in a contempt·proceeding, especially when the decree disobeyed was entered upon the consent of a defendant who has absconded from the jurisdiction of the court.

It is asserted upon the authority of Lynde v. Lynde, 162 N. Y. 405, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332; Id., 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810, that the court only had jurisdiction to render a money judgment for the past alimony to be enforced like any other money judgment by execution. The point decided in that case was that the full faith and credit clause of the Constitution of the United States required effect to be given by one state to a decree of the courts of another state only so far as it had become final, and that provisions for enforcement were governed solely by the local statutes and practice. The Supreme Court of the United States did not intend in that case to overrule Barber v. Barber, 21 How. 582, 16 L. Ed. 226. See Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. ——, 28 L. R. A. (N. S.) 1068. It was held by the Appellate Division and the Court of Appeals in the Lynde Case that the remedies provided by the Code of Civil Procedure for the enforcement of judgments for alimony, applied only to judgments of·divorce and alimony rendered in this state. Since the decision of that case, section 1772 of the Code of Civil Procedure has been amended so as to make said remedies applicable to judgments rendered in another state upon the ground recognized in this state, upon which an action has been brought in this state and judgment rendered therein. That change in the law affects only the remedy, and we are not impressed by the argument that, if retroactive, the amendment is void for being an ex post facto law.

It is settled in this state that a wife who has obtained a judgment for a divorce and alimony, after exhausting the remedy given her by the Code to obtain payment of alimony, is entitled, "through an action in equity, to subject the surplus income, over what is required for the husband's support, of a testamentary trust created for the husband's benefit without any valid direction for the accumulation of income, to the payment of her alimony, *both past due and to accrue*." (Italics are mine.) Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752. The court

in this case found that the defendant has no personal or real property within the state of New York which can be seized or levied upon by virtue of an execution; that the plaintiff had exhausted all her remedies at law and in equity to enforce the Philadelphia decree and all her remedies under the New York City Court judgment prior to the commencement of this action. By this judgment the court did not undertake to administer or interfere with the Pennsylvania trust. It has merely undertaken by a judgment in personam to compel the defendant to apply a part of the income, when received by him, to the support of his wife, and the Wetmore Case is authority for the proposition that it had jurisdiction to do that independently of the sections of the Code applicable to matrimonial actions. It is to be remembered that the present discussion is confined solely to the question of jurisdiction.

However, the defendant could be required to give the undertaking only perforce of said section 1772, which provides what may be done upon the failure to give it; i. e., the court may cause the defendant's personal property and the rents and profits of his real property to be sequestered, and may appoint a receiver thereof. But the defendant could not be committed for contempt for failure to give the undertaking. People ex rel. Ready v. Walsh, 132 App. Div. 462, 116 N. Y. Supp. 839. While seeking to get the benefit of the amendment to section 1772, the respondent contends that this is not a matrimonial action. We think that it was the intention of the Legislature to include actions on foreign judgments of divorce among matrimonial actions, and to make the equitable remedies provided by article 4, c. 15, Code Civ. Proc., applicable thereto. At any rate, we are aware of no other authority for requiring the undertaking.

The order should be modified by striking therefrom the provision adjudging the defendant in contempt for failure to give the undertaking, and, as thus modified, affirmed without costs.

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). I dissent from the modification of the order upon the ground that it was in my opinion competent for the court to require an undertaking as security for the payment of the alimony, and, since the appeal is not from the order or judgment requiring the security, the propriety of requiring it in this case is not presented for review. With all due deference to the decision in People ex rel. Ready v. Walsh, 132 App. Div. 462, 116 N. Y. Supp. 839, I dissent from the view that the failure to give security, which may be required in matrimonial actions by virtue of the provisions of section 1772 of the Code of Civil Procedure, may not be punished as for a contempt of court, and that the plaintiff's only remedy on such failure is sequestration of the property of the defendant or contempt proceedings for failure to pay any sum of money required to be paid. I doubt whether sequestration proceedings or contempt proceedings for the failure to pay money afford an adequate remedy in all cases except for money due. The purpose of requiring security is to insure

payments required to be made in futuro, and may be necessary on account of a threatened change in the financial condition of the defendant or a contemplated change of residence on his part, and perhaps in other circumstances, even though no default has been made with respect to payments due. Sequestration may not afford an adequate remedy in every case, and, if it did, it would be more cumbersome and expensive, and not so expeditious as contempt proceedings. If the defendant in a matrimonial action be able to give security, there is no reason why he should not be compelled to give it. If the Legislature intended to leave it optional with the defendant whether or not to give the security, it would not have solemnly enacted that the court may "direct" the defendant "to give reasonable security, in such a manner, and within such a time, as it thinks proper, for the payment, from time to time, of the sums of money required for that purpose." Code Civ. Proc. § 1772. I know of no instance in which a court is authorized to direct a party to do a given thing, and is then left powerless to enforce compliance with its direction, and the dignity and efficiency of the court forbid such a construction of the statutory provisions relating to the point in question. The principal ground upon which it is claimed that there is no authority to punish by contempt proceedings failure to give security is that on such failure the alternative remedy of sequestration is given. That remedy, however, was given by section 60, tit. 1, c. 8, pt. 2, Rev. St., prior to its re-enactment without substantial change in section 1772 of the Code of Civil Procedure; and under it the Court of Appeals sustained the remedy by contempt proceedings for failure to give security. Park v. Park, 80 N. Y. 156. If it be claimed that the Legislature by enacting section 1773 of the Code of Civil Procedure, which was a new enactment, intended to take away this remedy, which the Court of Appeals held existed, and to confine the plaintiff's remedy to contempt proceedings for not paying the money due from time to time, the answer is that the contempt proceedings for failure to pay the money due affords no security for payments to grow due in the future, and that the purpose of the Legislature in enacting said section 1773 was not to take away any existing remedy, but to clearly confer a remedy to enforce the payment of alimony pending the action by proceedings for contempt, the existence of which remedy therefor had been denied or doubted (Throop's note to section 1773, Code Civ. Proc., and authorities cited), and in doing so it enacted in that section the authority which theretofore existed under the general provisions of the Code of Civil Procedure with respect to contempts (sections 8, 9, 10, 12, 14, Code Civ. Proc.), to compel the payment of alimony other than that allowed pending the action, and this evidently was done to embrace both in a single statute and to prescribe the same procedure therefor. Stanley v. Stanley, 116 App. Div. 544, 101 N. Y. Supp. 725; Stewart v. Stewart, 127 App. Div. 724, 111 N. Y. Supp. 734. There was no occasion, however, for new legislation with respect to the power of the court to punish failure to obey an order or judgment in a matrimonial action which did not require the payment of money, and consequently disobedience thereto stood, with respect to punishment therefor, as before and was and is.

governed by said general provisions of the Code of Civil Procedure, now sections 750, 751, 753, and 754 of the judiciary law (Consol. Laws, c. 30).