GENEVIEVE HOLDROYD ELDER, Appellant, *v.* HENRY A. TAYLOR, Respondent.

First Department, February 20, 1925.

**Judgments — enforcement — judgment requiring defendant specifically to perform agreement to deposit stated amount of securities yielding five per cent — contempt — motion to punish for contempt in failing to comply with judgment — no defense to motion that defendant does not have securities in his possession or control — motion should have been granted — if defendant is financially unable to comply with judgment he may seek relief under Judiciary Law, § 775.**

A motion to punish the defendant for contempt of court in failing to comply with a judgment commanding him specifically to perform an agreement by depositing securities for a stated amount yielding an annual income of not less than five per cent should have been granted, since the failure to comply with the judgment is admitted by the defendant and since it is not a defense that the defendant does not have in his possession or under his control securities of the amount stated; the selection of the particular securities was left to the defendant's choice and, if he did not have them on hand, it was his duty to buy them and comply with the terms of the judgment.

If the defendant is financially unable to purchase the securities required, his remedy is by application for relief under section 775 of the Judiciary Law.

APPEAL by the plaintiff, Genevieve Holdroyd Elder, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of December, 1924, denying plaintiff's motion to punish the defendant for contempt for his neglect and refusal to obey a judgment for specific performance.

*Thomas G. Prioleau,* for the appellant.

*John M. Coleman,* for the respondent.

DOWLING, J.:

The papers presented upon the motion herein show that a judgment was duly made and entered in this action on February 5, 1924, whereby it was adjudged and decreed:

" 1. That the agreement set forth in the complaint and decision herein be specifically performed; and that the defendant, Henry A. Taylor, deliver to and deposit with the Central Union Trust Company of New York, within thirty days from the entry of this judgment, securities of the par value of $20,125.00, which shall yield an annual income of not less than 5%, and that such securities shall so remain deposited during the life of the plaintiff herein."

This judgment, with notice of entry, was duly served upon

defendant's attorney. An appeal having been taken to this court, the judgment was unanimously affirmed (210 App. Div. 878), and a copy of the order of affirmance with notice of entry was duly served on defendant's attorney.

It further appears that the only securities deposited under the agreement in question with the Central Union Trust Company were so deposited long prior to the commencement of this action, and the par value thereof amounted to $9,875 only.

Although due demand has been made upon the defendant, he has failed, neglected and refused to deposit with the said Central Union Trust Company of New York securities of the par value of $20,125, which shall yield an income of not less than five per cent, which the defendant was directed to do within thirty days from the entry of said judgment.

It is further alleged that the judgment cannot be enforced by execution, and that the only way in which it can be enforced in view of defendant's refusal and willful neglect to comply therewith, is by punishment for contempt of court.

The affidavit of defendant submitted in opposition to the motion does not deny his failure to comply with the terms of the judgment. His only answer is that " For further response to the said order, this respondent says that he does not now or has he at any time refused or willfully neglected to comply with said judgment to deliver the securities in said judgment specified, but says that he has neither possession nor control of any securities which could be delivered in compliance with said judgment; and that he has not at any time had possession or control, or been able to acquire control or possession of any securities to be delivered on such trust since the trust agreement was entered into, except such as he has deposited; and is not now able to obtain possession or control of any such securities."

This is no answer to the motion herein. Defendant was ordered to deliver and deposit securities to a definite amount, which should yield an annual income of five per cent. The selection of the particular securities was left to his own choice. If he had on hand no securities answering the description of those described in the judgment his duty was to go out and buy them and comply with the terms of the judgment. His failure so to do is contumacious and apparently deliberate. His answer to the charge is frivolous and a subterfuge. The motion to punish him for contempt should have been granted. If he is really unable by reason of financial distress to purchase the securities required, which does not satisfactorily appear from his answering affidavit, his remedy is by application for relief under section 775 of the Judiciary Law.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion should be granted, with ten dollars costs, without prejudice to defendant's right to move for relief under section 775 of the Judiciary Law.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, without prejudice to defendant's right to move for relief under section 775 of the Judiciary Law. Settle order on notice.