TILLIE LEWIS, Plaintiff, *v.* ABRAHAM LEWIS, Defendant.

Supreme Court, Kings County, August 6, 1926.

**Husband and wife — alimony — failure to give undertaking ordered by court for payment of alimony is contempt of court and punishable — propriety of order directing defendant to give said undertaking cannot be inquired into on motion to punish for contempt.**

Upon an application to punish the defendant for contempt of court for failure to give an undertaking ordered by the court for the payment of alimony, the propriety of the order directing said undertaking cannot be inquired into. Moreover, defendant's failure to give such undertaking is a contempt of court and he must be punished therefor.

MOTION to punish defendant for contempt for failure to give undertaking, ordered by court, for payment of alimony.

*Charles Rothaus,* for the plaintiff.

*David L. Malbin,* for the defendant.

CROPSEY, J. In this matrimonial action defendant was ordered to give an undertaking to secure the payment of alimony that had been awarded. Having failed to give the undertaking this motion was made to punish defendant for contempt. Defendant says that he is without funds and cannot secure a surety company bond and that he does not own any real estate and has no friends who own property who would be in a position to furnish a bond. In another portion of his affidavit he says: " There is no reason why I should be compelled to go to the expense of furnishing a

surety company bond." It is thus far from clear that defendant could not furnish the bond required. This, however, may be immaterial upon this motion. The court having directed the undertaking to be given it must be presumed that the court was then satisfied that the defendant could give it, if he would. Upon this motion the propriety of that order may not be inquired into. If in fact defendant is unable to give the undertaking that might be made the basis of an application to be purged of contempt under section 775 of the Judiciary Law. (*Elder* v. *Taylor*, 211 App. Div. 682, 683.)

Defendant's main contention is that the court has no jurisdiction to make the order sought, the claim being that the failure to give such an undertaking is not a contempt of court. There are cases supporting defendant's contention and there are also cases holding to the contrary. The Court of Appeals has held that failure to give such an undertaking is punishable as a contempt. (*Park* v. *Park*, 80 N. Y. 156, affg. 18 Hun, 466.) To the same effect is *Boucicault* v. *Boucicault* (21 Hun, 431, 435). Cases that hold to the contrary are *People ex rel. Ready* v. *Walsh* (132 App. Div. 462); *Moore* v. *Moore* (142 id. 459), and *Pelz* v. *Pelz* (182 id. 923). These cases seem to proceed upon the theory that as the Code did not in terms make the failure to furnish a bond a contempt of court it could not be so treated. In *People ex rel. Ready* v. *Walsh* (*supra*) the opinion points out that section 1772 of the Code of Civil Procedure (now Civ. Prac. Act, § 1171) provides that if the bond ordered is not given an order of sequestration might be obtained. It is further pointed out that if the alimony is not paid contempt proceedings might be taken under section 1773 of the Code of Civil Procedure (Civ. Prac. Act, § 1172). It is stated broadly that the other general provisions which were then in force providing for punishing the disobedience of mandates of the court as contempts did not apply to matrimonial actions, because of the provisions of the sections above mentioned. The opinion said that those provisions were exclusive (citing *Stewart* v. *Stewart*, 127 App. Div. 724). That case, however, does not seem to support the statement for which it is cited. All that was there decided was that a proceeding to punish the husband for not paying alimony as ordered could be commenced only by an order to show cause. The reason for this holding was stated to be that section 1773 of the Code of Civil Procedure specifically provided that if alimony was unpaid contempt proceedings could be started by an order to show cause made by the court. Because of this provision that case held, and properly I think, that the alternative remedy provided by the sections generally applicable to contempts,

namely, that such a proceeding could be commenced either by attachment or order to show cause, did not apply. The *Stewart* case involved no further point. I do not find in it any basis for the holding that the refusal to comply with an order of the court directing the giving of an undertaking may not be punished as a contempt. In the *Moore Case* (*supra*) the court merely followed the *Ready* case. There was a dissenting opinion, however, by LAUGHLIN, J., which follows the *Park* case in the Court of Appeals, and seems to me to correctly state the law. The majority of the court in the *Pelz Case* (*supra*) followed the *Moore* and *Ready* cases, the minority dissenting upon the dissenting opinion in the *Moore* case. What the court said, however, in the *Pelz* case on this point was unnecessary to the decision.

It is true the *Park* case arose before the enactment of the Code of Civil Procedure, but the provisions of section 1772 thereof relating to the giving of an undertaking to secure the payment of alimony were not new. A similar provision in much the same language was contained in the Revised Statutes (Part 2, chap. 8, tit. 1 [2 R. S. 148], § 60). And a like provision had been on the statute books since 1813. (R. L. of 1813, chap. 102 [2 R. L. 199], § 5.) The only difference between the statutory provisions in force at the time of the *Park* case and those in force at the time of the decisions that do not follow it is section 1773 of the Code of Civil Procedure which did not come from prior enactments and hence no similar provision was in effect at the time of the *Park* case. I can find nothing, however, in that section that requires a holding different from that which the court made in the *Park* case. That section covered merely one matter, namely, the failure of a husband to pay " any sum of money   *   *   *   as required by the judgment or order " of the court. It does not state nor purport to hold that the failure to pay money directed to be paid is the only basis there may be for a contempt proceeding in matrimonial actions. This section undoubtedly does, as the *Stewart Case* (*supra*) pointed out, provide a particular remedy for the punishment as a contempt of the failure of a husband to pay alimony or counsel fee. But other than that it does nothing. Prior to its enactment the general provisions of the statute relating to contempts were effective. They are now found in the Judiciary Law, section 753 thereof relating to civil contempts. Under these general provisions it is a contempt to. fail to pay money ordered to be paid in a case where by law execution could not issue, and likewise " any other disobedience to a lawful mandate of the court " is made a contempt. So prior to the enactment of section 1773 of the Code of Civil Procedure failure to pay ali-

mony could be punished under the general contempt proceedings as could also the failure to comply with an order directing the giving of an undertaking. Such an order is a mandate of the court. Section 1773 merely applied to a proceeding based on the non-payment of alimony or counsel fee. It has no relation to any other proceeding. The decision in the *Park* case, therefore, seems to be the law to-day, as it was at the time it was rendered.

If the failure to give an undertaking be not punishable as a contempt the statute that permits of such an undertaking being ordered is of little value. Unquestionably the reason for enacting that an undertaking might be required was to insure the payment to the wife of moneys that might be ordered for the support of herself and children, if there be any. It was to avoid the possibility of the wife going without money and to make unnecessary the beginning of a contempt ·proceeding based on the non-payment of the money. If, however, the failure to give the undertaking may not be punished as a contempt it is but an idle gesture for the court to make such a direction.

The motion is granted. Settle order on notice.