KITTY OLSHIN, Plaintiff, *v.* LEO OLSHIN, Defendant.

Supreme Court, New York County, October 4, 1927.

**Husband and wife — alimony — husband may be required under Civil Practice Act, § 1171, to give security — no defense that disobedience of order is not contempt.**

In a matrimonial action in which alimony is allowed, the husband may be required, under section 1171 of the Civil Practice Act, to give security for payment of the alimony, and the mere fact that the court cannot punish him for contempt for failure to comply with the order does not prohibit the court from granting the order to furnish security.

MOTION by the plaintiff to compel the defendant to give reasonable security for the payment of alimony.

*Benjamin Barondess*, for the plaintiff.

*Jacob Gerstein*, for the defendant.

Frankenthaler, J. Section 1171 of the Civil Practice Act authorizes the court to require a husband to give reasonable security for the payment of alimony. The facts here presented call for the exercise of the power thus conferred. (*Maney* v. *Maney*, 119 App. Div. 765.) It may be that a defendant cannot be punished for contempt for failure to comply with an order which directs the giving of an undertaking. (*People ex rel. Ready* v. *Walsh*, 132 App. Div. 462; *Moore* v. *Moore*, 142 id. 459; *Pelz* v. *Pelz*, 182 id. 923. But see *contra, Lewis* v. *Lewis*, 127 Misc. 788.) This would be no reason, however, for refusing to make an order requiring the defendant to give security. Plaintiff will be entitled at least to pursue the remedy of sequestration if no undertaking is filed in accordance with the order. (Civ. Prac. Act, § 1171.) Moreover, there is no justification for assuming that defendant will disobey the order. If it were a sufficient answer to a motion of this character that the defendant could not be punished for contempt for failing to obey the order applied for, the provision in section 1171 of the Civil Practice Act for the very relief here sought would be rendered meaningless. The Legislature obviously intended that the court should under proper circumstances require the furnishing of security. Motion granted.