IDA PEARL ROSEN, Appellant, *v.* DAVID J. ROSEN, Respondent.

First Department, June 7, 1929.

*Henry L. Finkelstein* of counsel [*Alex M. Jareckie* with him on the brief; *Joseph M. Levine*, attorney], for the appellant.

*Jacob B. Eiseman*, for the respondent.

FINCH, J. From an order denying an application to punish the defendant husband for a civil contempt of court for his failure to file an undertaking to secure the payment of alimony pursuant to a court order, plaintiff appeals.

On October 5, 1928, an order was made that the defendant be fined the sum of $320 as for a civil contempt; that in the event of a default in making the above payment, the defendant be committed to jail until such alimony is paid and that the defendant furnish a surety company bond in the sum of $2,080, providing for and guaranteeing the payment of weekly installments of alimony. The defendant disobeyed that part of the order which directed him to furnish a surety company undertaking and, when the defendant was directed to show cause why he should not be punished for contempt of court, the motion was denied upon the ground that the court had no power to punish for contempt for failure to furnish such undertaking, citing *People ex rel. Ready* v. *Walsh* (132 App. Div. 462); *Moore* v. *Moore* (142 id. 459), and *Pelz* v. *Pelz* (182 id. 923).

In *Moore* v. *Moore* (142 App. Div. 459) it was held by a majority of this court, following *People ex rel. Ready* v. *Walsh* (*supra*), that under section 1772 of the Code of Civil Procedure (which is now section 1171 of the Civil Practice Act), upon a failure to give an undertaking, the only remedy which the court may exercise is to cause the defendant's personal property and the rents and profits of his real property to be sequestered and to appoint a receiver thereof and that the defendant cannot be committed for contempt for failing to give the undertaking. Mr. Justice LAUGHLIN dissented.

We have reached the conclusion that *Moore* v. *Moore* (*supra*), followed in *Pelz* v. *Pelz* (*supra*), should be overruled, and the view expressed in the able dissenting opinion of Mr. Justice LAUGHLIN adopted. The court is not powerless to enforce its authorized direction.

In *Park* v. *Park* (80 N. Y. 156) it was held that the court had power to provide for the payment of alimony, the giving of security and to enforce compliance by contempt proceedings. The statutory provisions existing at that time were the same as those later embodied in section 1772 of the Code of Civil Procedure (now section 1171 of the Civil Practice Act). We are unable to find that the Legislature has taken away the power of the court to punish for contempt for failing to furnish the undertaking as required. Indeed the express statutory authorization (Civ. Prac. Act, § 1171), providing that the court may direct the defendant "to give reasonable security, in such a manner and within such a time as it thinks proper, for the payment, from time to time, of the sums of money required for that purpose," by necessary implication carries with it the power to enforce compliance with the direction. The failure to hold that the court has power to compel the furnishing of an undertaking previously directed, makes an idle gesture of the judicial direction and the dignity and efficiency of the court forbid such a construction. A defendant ordered to furnish an undertaking may be punished for a contempt for failure to comply.

It follows that the order should be reversed, without costs, and the motion remitted to the court at Special Term for appropriate action in accordance herewith.

DOWLING, P. J., MCAVOY, MARTIN and O'MALLEY, JJ., concur.

Order reversed, without costs, and the motion remitted to the court at Special Term for appropriate action in accordance with the opinion of this court.