Mary A. White, Plaintiff, *v*. Peter J. White, Defendant.

Supreme Court, Special Term, Queens County, April 20, 1942.

*Richard J. Barry*, for the plaintiff.

*Abraham J. Halprin*, for the defendant.

Hooley, J. The motion to vacate the order requiring the bond has been withdrawn.

The defendant raises a question as to the right of the court to punish him for contempt for failure to file a bond as required by the previous order of the court. He relies upon the decision in *Pelz* v. *Pelz* (182 App. Div. 923 [2d Dept.]). There the court held (1) on the authority of *Moore* v. *Moore* (142 App. Div. 459 [1st Dept.]), that a defendant could not be punished for contempt for failure to furnish an undertaking in a matrimonial action, and (2) on the authority of *Wulff* v. *Wulff* (151 App. Div. 22), that the court would not grant such a motion when the defendant was a fugitive. In other words, the court declined to do an idle thing. We are concerned in this case only with the first basis of the decision in the aforesaid *Pelz* case. Since the decision in the *Pelz* case the Appellate Division in the First Department in *Rosen* v. *Rosen* (226 App. Div. 327) has held that a defendant may be punished for contempt for failure to furnish an undertaking in a matrimonial action.

However, the defendant herein contends that the *Pelz* case being a Second Department case is binding on this court. This court declines so to hold. An analysis of the *Rosen* case (*supra*) indicates that in that case the Appellate Division, First Department, expressly overruled *Moore* v. *Moore* (*supra*) which was the case on which the Appellate Division in this department relied when it decided the *Pelz* case. It is likely that the Appellate Division of this department will now follow the *Rosen* case, as it previously followed the *Moore* case, if the matter comes before it. This is

especially so since the decision in the *Rosen* case is based primarily on *Park* v. *Park* (80 N. Y. 156). And the language of section 1171 of the Civil Practice Act has not changed substantially since the decision in *Rosen* v. *Rosen* (*supra*). (See, also, *Lewis* v. *Lewis*, 127 Misc. 788.)

The court, therefore, having determined that it has the power to hold the defendant in contempt for failure to furnish the bond as directed will refer the matter to an official referee to report whether the failure to furnish said bond was willful and whether the failure to obtain it was a contempt of court.

There is no rule or authority for referring motions to punish for contempt in a case such as this to the justice who signed the order requiring the bond.

This leaves for disposition the motion to punish defendant for contempt for failure to comply with the terms of the decree and for custody of the children, and for a modification of the decree as to alimony. These matters will likewise be referred to an official referee to hear and report with his recommendations.

Settle order on notice.