HAZER FEINBERG

v.

ANNIE FEINBERG.

[Submitted April 1st, 1907. Decided April 2d, 1907.]

Though the removal from the state, by defendant in a divorce suit, without consent of petitioner or order of court, of the minor child, custody of which was awarded defendant, with right of visitation to petitioner, was contrary to *P. L. 1902 p. 259 § 7,* petitioner cannot be relieved from making payments for maintenance of such child, which have accrued under the order of court, without complaint to the court touching such removal.

On petition of Hazer Feinberg for modification of that part of the decree of divorce providing for maintenance of minor child Sylvia Feinberg, and for correction of taxed costs.

*Mr. Andrew J. King,* for the petitioner.

*Mr. John W. Wescott,* for the defendant.

LEAMING, V. C.

It is clearly contrary to the terms of section 7 of the act concerning the custody and maintenance of minor children (*P. L. 1902 p. 259*) for defendant to remove the minor in question out of the jurisdiction of this court, without first obtaining the consent of petitioner or an order of this court for that purpose. I am unable, however, to relieve against the payment of such moneys as have accrued under the existing decree during the period in which no complaint has been made to the court touching such removal. It is not the privilege of petitioner to refuse payments accruing pursuant to the terms of the decree. When new conditions arise which, in the opinion of petitioner, entitle him to a modification of the decree, he should make application to the court for such modification if he desires to avail himself

of rights arising from the new conditions. On such an application the court may or may not, according to the circumstances of the case, under the terms of the section referred to, permit the custody of the minor to be maintained in another jurisdiction. It is manifest that in this cause it would be destructive of the right of visitation to make an order permitting the custody of the minor to be maintained in Pittsburg, but it is not clear that circumstances may not exist which would equitably demand an order for such privilege in Philadelphia. I am obliged to deny the application to reduce the amount now due for maintenance under the terms of the decree, but I am not prepared to make a final order touching the future modification of the decree without further hearing. On Monday, April 8th, 1907, the respective parties may, if so advised, file further affidavits to aid the court in determining whether an order should be made discontinuing payments until the minor is returned to this jurisdiction, or whether the order should permit the minor to be maintained in Philadelphia, with the right of visitation, as specified in the decree, fully protected. If no further affidavits are then filed, an order will be made on the present record.

Touching the taxed costs, I find that the order of September 4th, 1906, as advised by Vice-Chancellor Bergen, adjudges it error to include the items based on the petition for rehearing. These items, I find, amount to $35.69. I will advise that the costs be reformed by the elimination of these items.

The decree of affirmance made by the court of errors and appeals is in the ordinary form of general decrees of affirmance, and reads "with costs." I am not prepared to assume that the court intentionally awarded costs against a wife until opportunity shall be afforded to her to apply to that court for relief against that part of its decree. Petitioner will be privileged to insist upon the benefit of the decree of affirmance as it exists, but if insisted upon by petitioner, defendant will be given the opportunity to apply to the court of errors and appeals for its modification before a final order will be here made touching that feature.