### SCHWEIG v. SCHWEIG.

(Supreme Court, Appellate Division, First Department. December 20, 1907.)

**1. DIVORCE—ALIMONY—CONDITIONAL ORDER.**

An order for alimony and counsel fees provided that defendant should be permitted to visit the child of the parties in New York City twice a week on certain days at a place to be fixed by agreement. *Held*, that defendant's right to see the child was not a condition precedent to his liability for alimony, so that the wife's failure to afford him an opportunity for that purpose constituted no defense to his liability for failure to pay alimony according to the decree.

**2. SAME—PERFORMANCE.**

It was the duty of a husband, in a suit against him for divorce, to obey an order for the payment of alimony and counsel fees pendente lite, though erroneous, unless he had obtained a stay, or until it was modified, set aside, or reversed.

**3. SAME—ENFORCEMENT—CONTEMPT—ORDER—PREJUDICE.**

Code Civ. Proc. § 1773, provides for the enforcement of orders for alimony by proceedings to punish for contempt. Section 2266 provides that, when a right or remedy of a party to a civil action may be defeated or prejudiced by a neglect of duty or other misconduct, the offense must be punished as prescribed in the title relating to "proceedings to punish contempt of court other than criminal contempt"; and section 2281 declares that if accused has committed an offense charged, and it was calculated to or did defeat or prejudice the rights of the party to the action, the judge must direct punishment by fine or imprisonment. *Held*, that an order punishing defendant for contempt in failing to comply with an order requiring the payment of alimony and counsel fees which failed to determine that such failure was either calculated to or did defeat, impair, or prejudice any of the rights or remedies of plaintiff in the action was fatally defective.

Ingraham, J., dissenting.

Appeal from Special Term.

Action by Anna Schweig against Arthur C. Schweig for divorce. From an order adjudging defendant guilty of contempt for failure to comply with an order directing him to pay plaintiff certain alimony and counsel fees, he appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

P. A. Hatting (Abraham Harris, of counsel), for appellant.

CLARKE, J. This is an order adjudging the defendant in contempt for disobedience of an order requiring him to pay alimony and counsel fee pendente lite in an action for an absolute divorce, which said order was appealed from and upon said appeal has been reversed by this court in the opinion handed down herewith (107 N. Y. Supp.

904) as having been improvidently made. The order which granted the alimony pendente lite also provided:

"That said defendant be permitted to visit and see the child of the parties hereto, in the city of New York, twice a week, on Sunday and Wednesday of each week, in the city of New York, and that said plaintiff permit and allow the defendant to see said child during the pendency of this action at such place in the city of New York as may be agreed upon, or as this court shall hereafter direct."

At the time of the commencement of the action the plaintiff had been actually residing, and is still residing, in the city of Pittsburg, Pa., and since the making of said order she has not complied or attempted to comply with the provisions thereof requiring her to permit and allow the defendant to visit and see the child twice a week in the city of New York. As, however, said provision does not appear by said order to have been a condition precedent, I do not think the failure of the plaintiff to obey the provisions thereof would furnish justification to the defendant for not paying the alimony and counsel fee allowed, so long as said order remained unreversed. Although we have now reversed said order upon the ground that it was improperly granted, it was the duty of the defendant to obey it, unless he had obtained a stay, or until it was modified, set aside, or reversed.

Section 1773 of the Code of Civil Procedure provides for the enforcement of orders for the payment of alimony by the issuance of an order to show cause why the husband should not be punished for his failure to make the payment required, "and therefore proceedings must be taken to punish him as prescribed in title third of chapter seventeenth of this act." Section 2266 of the Code of Civil Procedure, contained in said title and chapter, provides that when a right or remedy of a party to a civil action or special proceeding, pending in the court or before the judge or referee, may be defeated, impaired, impeded, or prejudiced by a neglect or violation of duty or other misconduct, the offense must be punished as prescribed in this title, which is entitled "Proceedings to Punish Contempt of Court Other Than a Criminal Contempt." Section 2283 of the Code of Civil Procedure provides that upon the return of an order to show cause the questions which arise must be determined as upon any other motion, and if the determination is to the effect specified in the last section but one the order thereupon must be to the same effect as the final order therein prescribed. The section alluded to is 2281, which provides, if it is determined that the accused has committed the offense charged, and that it was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of a party to an action or a special proceeding brought in the court or before the judge or referee, the court, judge, or referee must make a final order accordingly, directing that he be punished by fine or imprisonment or both, as the nature of the case requires.

The order appealed from does not comply with sections 2283 and 2281 of the Code of Civil Procedure, in that there is no determination therein contained that the offense charged and held to have been committed was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of a party to the action. This court

held in Socialistic Co-operative Publishing Ass'n v. Kuhn, 51 App. Div. 583, 64 N. Y. Supp. 933:

"In a civil action, before a defendant can be punished for a contempt of court, * * * there must first be an adjudication that he is not only guilty of a contempt of court, but that his act, of which the opposing party complains, not only has a tendency to, but actually does, defeat, impair, impede, or prejudice the rights or remedies of the party complaining."

And as in the order appealed from there was no adjudication either that the defendant had been guilty of contempt or that the acts of which the plaintiff complained had defeated, or impaired, impeded, or prejudiced, its rights or remedies in any respect, this court reversed the order.

In Fischer v. Rabb, 81 N. Y. 235, the Court of Appeals said:

"It will be seen that the misconduct which can be treated and punished as a contempt must be such as to defeat, impair, or prejudice a right or remedy of a party to a civil action, and that the alleged misconduct does have such effect must be made to appear and be adjudicated."

This rule has been specifically applied to orders punishing for contempt by nonpayment of alimony in divorce cases. Sandford v. Sandford, 40 Hun, 540. Daniels, J., said:

"The order from which the appeal has been taken contains no such adjudication, and because of that omission it fails to comply with what has been directed by these sections of the statute. In each of these respects the proceeding was wholly defective, and the order from which the appeal has been taken cannot be sustained."

To the same effect are Mahon v. Mahon, 50 N. Y. Super. Ct. 92; Whitney v. Whitney, 19 Civ. Proc. R. 265, 11 N. Y. Supp. 582; Mendel v. Mendel, 4 N. Y. St. Rep. 556.

It follows, therefore, that the order appealed from should be reversed, with $10 costs and disbursements. All concur, except INGRAHAM, J., who dissents.