CATHERINE HELMBOLD, Plaintiff, *v.* GEORGE C. HELMBOLD, Defendant.

Supreme Court, Monroe County, June 7, 1926.

Husband and wife — sequestration of property for non-payment of alimony pursuant to Civil Practice Act, § 1171 — husband failed to pay, alimony when wife did not permit him to see children — payment of alimony was not made conditional upon observance of provision in decree of divorce giving husband right to see children — failure of wife to observe said provision in decree is no defense to application for sequestration order.

Upon an application for an order under section 1171 of the Civil Practice Act for the sequestration of defendant's property for non-payment of alimony, it is no defense that the wife has failed to observe the provisions in the decree of divorce giving the husband a right to see and visit his children placed in the custody of his wife, nor may the husband be excused from the payment of alimony, where his wife did not permit him to see the children, for the payment of alimony was not made conditional upon the observance of such a provision in the decree.

MOTION for sequestration for non-payment of alimony.

*Fowler & Wegner*, for the plaintiff.

*John Van Voorhis Sons*, for the defendant.

RODENBECK, J.  A decree of divorce was granted to the plaintiff December 28, 1918, and modified June 30, 1920, with respect to

alimony and the defendant's right to visit his children. The modified decree made an allowance of nine dollars a week. The defendant paid alimony for nearly three years and on October 21, 1921, ceased further payments on the ground that the plaintiff had failed to observe the provisions in the decree relating to the children. The alimony has accumulated meanwhile and the plaintiff asks for a sequestration of his property pursuant to section 1171 of the Civil Practice Act. It is claimed that there was no service of the decree. This is untenable inasmuch as the defendant had been paying alimony under the decree for nearly three years. It also appears that there was a sufficient demand made upon him. Although the matter may not have been explained to him in detail, he well knew that his wife was making a demand for the back alimony. The failure of the plaintiff to observe the provisions in the decree relating to the right of the defendant to see and visit his children is no excuse for refusing to pay the alimony. The payment of alimony was not made conditional upon the observance of this provision in the decree. (*Schweig* v. *Schweig, No. 2,* 122 App. Div. 787.) The defendant had a remedy under the decree to compel observance just as the plaintiff is pursuing her remedy to compel payment of alimony. The action of the defendant in refusing to pay alimony amounted to a modification of the decree. A decree can be modified only through the proper channels. Motion granted, with ten dollars costs, and William G. Staudenmeier is appointed receiver. So ordered.