## WILLIAMS *v.* WILLIAMS.

(Division B. May 22, 1933. Suggestion of Error Overruled June 12, 1933.)

[148 So. 358. No. 30639.]

Blair & Anderson and Claude F. Clayton, all of Tupelo, for appellant.

Geo. T. and Chas. S. Mitchell, of Tupelo, for appellee.

**Griffith, J.**, delivered the opinion of the court.

In March, 1930, appellant filed a bill for divorce against appellee, his wife, and at the April, 1930, term the prayer of the bill was granted. There was one child of the union, and by agreement between the parties, with the approval of the court, provisions were inserted in the decree that the wife was to have the chief custody of the child, but that the child should visit the father at his home at reasonable times and intervals. There

was a further provision that the husband should pay forty dollars per month alimony to the wife until a mortgage on a valuable home owned by her in Shreveport, Louisiana, should be paid in full. This mortgage amounted to approximately one thousand two hundred dollars. Appellant was also to pay to the solicitors for appellee the sum of two hundred fifty dollars on or before October 1, 1930. Appellant paid three installments of the forty dollars to the wife and an advance payment of fifty dollars to the solicitors. When he sent a remittance of alimony on the 2d day of August, 1930, he requested that the child should be sent to visit him for a period of ten days during that month, and, this not having been done, the request was renewed on August 16, 1930, but this request also was not complied with.

Appellant, the father, having reason to believe that, if the whole amount of the alimony allowance could be collected from him, any subsequent request for the child would likewise be ignored, he began then to deposit the required sums in bank to be paid when the decree respecting the child should be observed. For this purpose he had accumulated on deposit in a bank in the town of his residence the sum of one thousand one hundred thirty-nine dollars and six cents, but the bank failed in December, 1930, and the deposit was lost. Soon thereafter, appellant suffered seriously in earning power, and at the time of the hearing was making barely enough for living expenses.

We lay aside, however, the loss of the money by appellant and his reduced income, and place decision in this case upon a fundamental and settled principle. The case is here now as the result of a petition filed by appellee against appellant to require him to pay the balance of the one thousand two hundred dollars and two hundred fifty dollars solicitor's fees, in default of which payment immediately to be made that the appellant be adjudged in contempt of court and imprisoned; and, the

petition having been sustained by the court, this appeal is prosecuted.

It is one of the oldest and most universal of the principles required to be observed by the court of chancery that, when a party seeks the interposition and aid of that court, such a party must show that in good faith and to the best of his ability and understanding he on his part has rendered unto the opposite party all the rights to which the latter is entitled in respect directly to the subject-matter of the suit or petition, and this is true even as to many of those things which the defendant could not compel by an independent suit. Thus, when two parties have entered into a contract containing reciprocal covenants, or where such duties are required by a decree of court, particularly where that part of the decree involving the reciprocal duties has been entered by consent, one party may not successfully call upon the other to perform the duties and obligations imposed upon the latter, unless the petitioning party shows that on his or her part he or she has done those things which the contract or decree requires of him or her, or else presents and substantiates such a complete and well-founded excuse that the petitioner's default may for the time be postponed or substituted; and the case, when an excuse will be received and the other party nevertheless required to perform, will be rare and under only the most compelling and exceptional circumstances.

As already stated, the husband obtained the decree of divorce, and it was expressly ordered in the decree that the child should visit him at his residence and place of abode at reasonable times and intervals. It has been stated also that on August 2, 1930, following the divorce in April, the father requested that the child visit him during that month, the request having been made through appellee's solicitors, who replied that the request would be forwarded to appellee. Appellant, the father, heard

nothing from the request, and renewed the same on August 16, 1930, in the same manner, to which the solicitors replied that the request could be forwarded, but nothing was ever heard by appellant in response to these requests, and the child, having been all the while kept out of the jurisdiction of the state, was never sent to the father and has never since the divorce been with him, so far as this record shows.

Appellee admits having received the request of August 2, 1930, but now says that she had at the time arranged to send the child to summer school in California, and to comply with the father's request would disrupt the plans thus made. She claims that she wrote her solicitor explaining why she did not propose to abide by the terms of the decree at the time, but the proof is that appellant was not advised thereof, and she denies having received the second request. It may be that, if she had written and fully explained the reasons for the denial of the request that the child visit his father during the month of August, 1930, when schools are not usually in session, or, if she did write, her solicitor had communicated her message, a different aspect would have appeared to govern this case, but in view of the utter silence towards appellant, coupled with her refusal, we are of the opinion that she is not in position to invoke the aid of the court, and the decree will be reversed, and her petition dismissed, but without prejudice to a renewal when the required conditions have been complied with, or there has been a real offer in good faith so to do.

Reversed and dismissed.

ANDERSON, J., takes no part in this case.