[No. 33937. Department One. December 12, 1957.]

JOSEPHINE KAIN, *Appellant*, v. ROBERT J. KAIN, *Respondent*.[1]

*Fred M. Bond*, for appellant.

*Wettrick, Flood, O'Brien, Toulouse & Lirhus*, for respondent.

[1]Reported in 318 P. (2d) 955.

WEAVER, J.—The parties were divorced November 3, 1954. Plaintiff wife was awarded custody of their minor children —a boy and a girl—with visitation rights to defendant husband. September 14, 1955, plaintiff petitioned the court for modification of the divorce decree to terminate defendant's right of visitation until further order of the court. Defendant husband countered with a petition for modification of the divorce decree to grant him custody of their ten-year-old son.

June 22, 1956, the trial court entered an order modifying the divorce decree, and custody of the son, then eleven years of age, was granted to defendant father.

October 9, 1956, the wife's appeal from this order was

". . . remanded to the superior court . . . with directions to make findings of fact and conclusions of law in accordance with the evidence heretofore presented to the court, and to enter such judgment in respect thereto as the court may deem proper; . . ."

Subsequently, findings of fact and conclusions of law were entered. Based thereon, the court entered an order modifying the decree of divorce; granted custody of the eleven-year-old son to the husband; and allowed defendant husband credit for support money for February and March, 1956, in the sum of one hundred dollars for each month,

". . . for the reason that the plaintiff [wife] denied visitation rights to defendant [husband] during said months and that the said sum may be considered as advance payment for the support of said child or children."

Appellant's twenty-eight assignments of error present three questions: (1) Does the evidence support the findings of fact of the trial court that result in the conclusion that the best interest of the minor son of the parties is served by granting custody to defendant father? (2) Did the court err when it allowed defendant father credit for two hundred dollars support money for the reason above stated? (3) Did the court err when it failed to allow plaintiff wife attorney's fees and costs?

Finding of fact No. 9 reads:

"During the course of the trial, at the urging and sugges-

tion of counsel for both parties, the Court interviewed the minor son, in chambers, *in the absence of counsel and parties.* The boy was then about eleven years of age . . . " (Italics ours.)

This finding is not completely accurate. The court inquired whether either counsel wanted the boy to testify as a witness. Defendant husband's counsel suggested that the court talk with him. Plaintiff's counsel stated that he did not object to this procedure.

 On appeal, our concern is this: All of the information and evidence on which the trial court acted is not before us. In *Nelson v. Nelson,* 43 Wn. (2d) 278, 280, 260 P. (2d) 886 (1953), this court stated:

"However, an interview with the children by the trial judge, 'off the record' and with the consent of the appealing party, makes impossible any effective review of the custody issue, as we have no way of knowing what the children told the trial judge or how much he was influenced thereby. We are not in a position to say that the trial judge abused his discretion in awarding the custody of these children to the mother."

See, also, *Habich v. Habich,* 44 Wn. (2d) 195, 200, 266 P. (2d) 346 (1954), and cases cited; *Lawrence v. Hosfield, ante* p. 157, 159, 316 P. (2d) 1102 (1957); compare *Lorang v. Lorang,* 42 Wn. (2d) 539, 256 P. (2d) 481 (1953).

We are not in a position to say that the trial judge abused his discretion when he changed the custody of the boy to his father. We must, therefore, affirm the order modifying the decree of divorce on this phase of the appeal.

 It was error for the trial court to allow defendant husband credit for support money for February and March, 1956. It is a well-established rule in this state that liability for support-money payments is not contingent upon the continued, convenient exercise of the right of visitation. The trial court did not have the power to modify the decree as to support-money installments that accrued prior to the date of the order modifying the decree of divorce. *Sanges v. Sanges,* 44 Wn. (2d) 35, 38, 265 P. (2d) 278 (1953), and cases cited; *Gaidos v. Gaidos,* 48 Wn. (2d) 276, 279, 293 P.

(2d) 388 (1956); *Koon v. Koon,* 50 Wn. (2d) 577, 579, 313 P. (2d) 369 (1957); see *Corson v. Corson,* 46 Wn. (2d) 611, 283 P. (2d) 673 (1955).

■ Although it is an abuse of discretion to disallow attorney's fees and costs to a wife in a divorce action and subsequent proceedings therein if she be without funds to secure adequate representation (*Krieger v. Krieger,* 133 Wash. 183, 233 Pac. 306 (1925)), the allowance is governed by the wife's needs and the husband's financial ability to pay.

■ Plaintiff's petition for modification of the divorce decree contains no allegation of the plaintiff's *need* for an allowance of attorney's fees; it alleges only defendant's ability to pay. Neither the allegations nor proof is sufficient to establish her right to attorney's fees and costs. *Koon v. Koon, supra.* The trial court did not err when it refused to grant them.

The order modifying the decree of divorce is affirmed as herein modified; each party shall bear his own costs of this appeal.

HILL, C. J., MALLERY, FINLEY, and OTT, JJ., concur.