363 P.2d 1016

May T. KIRKWOOD, Plaintiff-Appellant,

v.

Edward R. KIRKWOOD, Defendant-Respondent.

No. 8888.

Supreme Court of Idaho.

Aug. 1, 1961.

Peter G. Leriget, Moscow, for appellant.

Felton & Bielenberg, Moscow, for respondent.

TAYLOR, Chief Justice.

The parties were divorced by decree dated September 6, 1957. Plaintiff (appellant) was awarded custody of two minor children, John and Aleta Kirkwood, aged 12 and 9 at the time of divorce. Defend-

ant (respondent) was given the right to visit the children "at any and all reasonable times"; was required to pay to plaintiff $200 per month for the support of the children, and to pay plaintiff's attorney's fee and costs.

In December, 1957, defendant procured an order directing plaintiff to show cause why the decree should not be modified by transferring the custody of the children to the defendant, because of plaintiff's violation of the provision giving defendant the right of visitation. After hearing, the court, on September 19, 1958, made its order modifying the decree and requiring defendant to pay plaintiff's attorney's fee. Custody was left with plaintiff. The visitation right of defendant was modified as follows:

"It Is Further Ordered, Adjudged and Decreed by the Court that the defendant, Edward R. Kirkwood, shall be and he is entitled to visit the children of the parties on Saturday afternoons or evenings for a period of not more than 2½ hours away from the home of the plaintiff unless a longer period of time is mutually agreeable to the parties to this action. Such visits shall not conflict with any other regular or special plans or programs of the child or children themselves un-influenced by the parties. The children shall be returned to plaintiff's home not later than 9:30 P.M. These visits may be scheduled for holidays but whether on Saturdays or holidays only one visit per calendar week may occur unless because of a conflict in the schedule of the child or children or any other reason he or they cannot visit on a Saturday, in which event a visit may be had on the following Wednesday as well as the next Saturday."

November 21, 1958, defendant again procured an order from the court directing plaintiff to show cause, why the decree as modified should not be again modified by transferring the custody of the children to the defendant and eliminating the support allowance. The petition charged plaintiff with contemptuous disobedience of the decree, and of the order of September 19, 1958.

Plaintiff, appearing by her third counsel, filed answer, and sought $500 temporary attorney's fee and $100 suit money. In resistance to the application for attorney's fee and suit money, defendant made a showing that he was earning approximately $450 per month and was paying $200 a month to plaintiff for the support of the children; that he had paid all of the attorney's fees and costs as ordered by the court; that he was without funds to pay plaintiff's counsel fees; and that by her answer plaintiff admitted that she had violated the decree and order by refusing to permit defendant to visit the children. After

hearing, by order dated February 20, 1959, the application for counsel fees and suit money was denied. The order recites:

"By stipulation of counsel in January, 1959, the issue of such temporary allowances was submitted to the Court upon the affidavits and verified answer to the show cause order previously filed. The matter having been thus submitted and it appearing from plaintiff's verified answer to the Show Cause Order that plaintiff has made no effort to conform with either the letter or the spirit of the Court's modified Decree provision dated September 19, 1958, but, on the contrary, has persistently evaded and failed to cooperate in making reasonable compliance with the Court's order for visitation by the minors with their father and has obstructed the Court thereby."

The judge of the district in which the cause was pending thereafter disqualified himself and transferred the cause to the late Honorable Albert J. Graf, judge of the first district, for hearing on the pending order to show cause. After hearing, Judge Graf rendered an "Opinion" December 9, 1959. Thereafter Judge Graf died December 21, 1959, and his successor assumed jurisdiction.

In his opinion Judge Graf found as follows:

"As to question number one, this Court finds from the evidence introduced in this matter that the plaintiff, May T. Kirkwood, is in contempt of this court's orders. By her own testimony she admits of three refusals for the defendant to have the children and her excuses offered for such refusals are simply this, that his demands to have the children did not conform with the court's order. She even refused to accept her attorney's advice in this matter. She refused to consider that his times and days off had been changed since the court decree had been entered. Even when he asked to have the children on Saturdays (a day provided for by the decree) she refused. She admits upon cross examination that because of his remarriage and the fact she therefore considers him to be living in adultery is partially a reason for not allowing the children to visit in his home. This course or pattern of denying his right of visitation is a course which she has pursued since his remarriage and which has brought her at a prior time before this Court on a contempt proceedings."

On one of the two Saturdays on which plaintiff admitted that defendant had requested a visit with the children, plaintiff's only explanation of her refusal was, "I simply said 'no' and that was the end of the matter." The trial judge interviewed

the children privately in chambers and further found:

"If there is any alienation of affection, it has been done through the religious training given to these children by their mother. Their religious training has been based upon the books interpreting the Bible as written by Pastor Russell [Charles Taze Russell] before his death. The children do not go to any church or Sunday school.

" * * * they respect, honor and love their father but they do not want to live in his home because of his remarriage. Their religious belief makes this a sin, amounting to adultery. Hence they do not want to live with their father or even visit him in his home because they felt they would be guilty of a sin. They refused to accept my explanation that their father's remarriage was legal by our laws. Therefore this Court has before it a question of religious training that has alienated these children from their father."

After hearing, a motion by plaintiff to vacate the "Opinion" filed by Judge Graf was denied, and on February 15, 1960, the successor judge made an order in conformity with the opinion of Judge Graf, as follows:

"Now, Therefore, It Is Hereby Ordered, Adjudged and Decreed, that May T. Kirkwood, the plaintiff, is in contempt of this Court, but punishment for said contempt is being withheld. If the plaintiff persists in ignoring, defying or violating this Court's order, she will be brought back into Court and punished.

"It Is Further Ordered, Adjudged and Decreed that plaintiff, May T. Kirkwood, shall retain the care, custody and control of the minor children of the parties, to-wit: Aleta Kirkwood and John Kirkwood; however the defendant be, and he hereby is Ordered to have rights of visitation as follows:

"1. Any school day between the hours of 4:00 o'clock P.M. and 7:00 o'clock P.M.

"2. Other days between 9:00 o'clock A.M. to 9:00 o'clock P.M.

"3. At least one visitation period a week, during the time set forth in Paragraphs 1 and 2 above.

"4. Right to have children in his home during school holidays or weekends and to stay overnight if he desires that privilege, and one day's notice of this desire to the plaintiff will be sufficient.

"5. Defendant has the right to have the children stay in his home at least one month during summer vacation; this month to be the month of his

choosing. During this visitation no support payments to be paid to the plaintiff for the support of said children.

"It Is Further Ordered, Adjudged and Decreed that the defendant make all support payments to the Clerk of the Court and the Clerk be, and she hereby is ordered to give said payments to the plaintiff without a further order of this Court upon receipt of said payments from the defendant. In the event that the plaintiff refuses to comply with this Court order in any manner or form, and in the event that the defendant, or his counsel, files a protest in writing with said Clerk of the Court, the Clerk is hereby authorized, and she is hereby ordered to withhold all support payments until proof has been submitted to this Court that the plaintiff has complied with the Court's order."

The assignment challenging the sufficiency of the evidence to support the finding of contempt, is without merit. Cf. Baker v. Baker, 119 Utah 37, 224 P.2d 192. She admits that on one occasion, when defendant sought visitation on a Saturday, in compliance with the order of the court, she denied him that right, without excuse. She affirms that she will continue to refuse to allow defendant to visit with the children in his home, because of his remarriage. She has indoctrinated the children with the belief that their father is "living in sin, amounting to adultery," with the result that the children do not desire to visit with their father. Cf. Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810, 32 A.L.R.2d 996.

The order denying plaintiff's motion for attorney's fees and suit money for her defense in the second application for modification of the decree, is assigned as error. In denying the motion the court correctly found that plaintiff had persistently evaded and obstructed the court's order with reference to visitation. Her continued willful disobedience of the decree occasioned the repeated applications by defendant for the help of the court in securing his right of visitation. Under such circumstance she was not entitled to an order having the effect of requiring the defendant to finance her defense in litigation resulting solely from her contemptuous conduct. I.C. § 32–704; Williams v. Williams, 167 Miss. 115, 148 So. 358, 88 A.L.R. 197. The order is affirmed.

Plaintiff also assigns as error the order modifying the decree with reference to visitation rights. As hereinabove set forth, the record fully sustains the making of the order, as well as the necessity for detailing defendant's right to visit the chil-

dren. Where the custodial parent refuses to recognize the visitation right of the other, or obstructs the exercise thereof, the court is required to define the right in such detail, and to make and enforce such regulations, as may become necessary to secure its observance. I.C. § 32–705; Emerson v. Quinn, 79 Idaho 358, 317 P.2d 344; Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810, 32 A.L.R.2d 996; Barbour v. Barbour, 134 Mont. 317, 330 P.2d ·1093; Kane v. Kane, 53 Mont. 519, 165 P. 457.

■ Plaintiff also assigns as error the action of the court in ordering that future support payments be made through the clerk of the court, and authorizing and directing the clerk to withhold such payments upon receipt of written protest from defendant or his counsel, in the event of plaintiff's refusal to comply with the order. Having regard for the fact that payments for the support of children are for the benefit of, and to meet the needs of, the children, and not for the benefit of the former wife, the courts in some jurisdictions refuse to recognize disobedience of the decree by the former wife as a ground for withholding such payments. Kubon v. Kubon, 51 Cal.2d 229, 331 P.2d 636; Kain v. Kain, 51 Wash.2d 387, 318 P.2d 955; Wheeler v. Wheeler, 37 Wash.2d 159, 222 P.2d 400; Davis v. Davis, 145 Kan. 282, 65 P.2d 562; Thomas v. Thomas, 233 Ill.App. 488; Helmbold v. Helmbold, 127 Misc.Rep. 761, 217 N.Y.S. 379; Tillinghast v.· Clay, 152 Ga. 816, 111 S.E. 384; Annotation 105 A.L.R. 901; Annotation 88 A.L.R. 199. Other jurisdictions have upheld the authority of the court to relieve the former husband from such payments on that ground. Baker v. Baker, 119 Utah 37, 224 P.2d 192; Belot v. Belot, 115 Kan. 96, 221 P. 1111; Craig v. Craig, 157 Fla. 710, 26 So.2d 881; Annotation 105 A.L.R. 901; Annotation 88 A.L.R. 199.

In White v. White, 71 Cal.App.2d 390, 163 P.2d 89, the court upheld an order relieving the father from the requirement to make support payments so long as the mother continued to act in violation of the decree. The court in support of its position called attention to the fact that the mother had made no showing that she was unable to support the child or that the child was in need. Under such circumstance the court did not consider the child a party to the proceedings. In Sanges v. Sanges, 44 Wash. 35, 265 P.2d 278, the court upheld an order relieving the former husband from requirement to pay support money while the former wife continued in disobedience of the decree as to the residence of the child, and said that the doctrine that the welfare of the child is the primary objec-

tive to be attained, "does not automatically become the controlling doctrine until evidence is produced which requires its application."

In the showing made to support her application to the district court for counsel fees and costs, plaintiff did not assert her inability to pay such items. In support of the application made by her to this court for such allowance her counsel made an affidavit asserting that she was without means to pay costs and counsel fees. The real property of the parties consisting of two lots in the city of Moscow was awarded to plaintiff by the decree of divorce. The value of this property was not determined. In an affidavit filed by defendant's counsel it was alleged to be worth $2,000. We conclude that the children will need the support payments. Therefore, such payments cannot be withheld as a means of enforcing plaintiff's compliance with the decree and order defining defendant's right of visitation. That right must be enforced by other remedies. The order of February 15, 1960, is accordingly modified by striking therefrom the provision authorizing the clerk to withhold the support payments from plaintiff upon protest filed by defendant or his counsel. As thus modified the order is affirmed. No Costs allowed.

SMITH, KNUDSON and McFADDEN, JJ., and McFARLAND, District Judge, concur.