533 P.2d 96

Dorothy HEIDEMANN, Plaintiff-Appellant,

v.

Lauren HEIDEMANN, Defendant-Respondent.

No. 11700.

Supreme Court of Idaho.

Dec. 27, 1974.

Terry Lee Johnson, Plankey & Johnson, Twin Falls, for plaintiff-appellant.

William Hollifield, Taylor & Hollifield, Twin Falls, for defendant-respondent.

DONALDSON, Justice.

The parties, Dorothy Heidemann and Lauren Heidemann, were married February 20, 1954, and subsequently divorced March 16, 1962. The custody of a child, Eric Heidemann, age 3½ at the time of the divorce, was awarded to appellant Dorothy Heidemann. Upon motion by appellant, the decree was modified March 30, 1962, to provide that respondent Lauren Heidemann pay $50 per month child support. The decree was further modified March 18, 1964, allowing the respondent reasonable visitation rights including the

right to have the minor child continuously for a period of one month each summer commencing with the year 1964. Upon motion by respondent, the decree was again modified February 16, 1965, requiring the appellant to have the child ready for delivery at a pre-arranged time and place, and the court suspended further child support payments until delivery of the child was received by the respondent.

Appellant moved the court March 30, 1974 to enter an order granting judgment against the respondent for back child support in the amount of $3,600. She further moved the court to modify the divorce decree to provide that respondent pay $125 per month child support plus $300 attorney's fees. Affidavits were filed, hearing was held, and the district court denied appellant's motion in all respects stating:

" * * * I think the order issued in February of 1965 is controlling and that there has been every obstacle possible to a violation of that order and to noncompliance created. And I don't think that the plaintiff should be enabled, in contempt of court, to deliberately flaunt the orders that have been issued, to make every stumbling block possible on the visitation and be allowed to profit from it.

Now, I would like to see Mr. Heidemann, if he can, voluntarily contribute towards the boy at this age. But I am not going to hang another order over his head where the plaintiff herself has been in violation of every order that has been issued."

The appellant contends that the district court was in error and abused its discretion in refusing to order judgment against respondent for back child support in the amount of $3,600.

The record shows that respondent attempted to visit his child in 1963 when the appellant and child were living in Las Vegas. Respondent was denied visitation and returned to Idaho whereby he instituted modification proceedings. The resultant order dated March 18, 1964, in addition to providing respondent with reasonable visitation rights, provided in part:

"Plaintiff shall keep the defendant advised of her address and the location of her residence so that defendant will be able to exercise said visitation and part time custody.

Before picking up said minor child for said one month period each summer, defendant shall be required to give the plaintiff three weeks notice in advance of the date and time when he will pick up said minor child and obtain the consent of the plaintiff to said designated time; provided, however, that plaintiff shall not by refusal of said consent prevent the defendant from having said child for said one month period at some time during the summer months of the year 1964 and at some time during the months when school is in vacation during the summer of each year thereafter until said child reaches the age of majority * * *."

The respondent contends that he went to California in the summer of 1964 to obtain custody and no one was present at the agreed time and place. The respondent filed an Order to Show Cause why appellant should not be found in contempt of court for failure to furnish visitation privileges. The appellant denied that she refused visitation rights to appellant and contends that the child was ready and that the respondent did not come. After a hearing, the district court ordered:

"Not later than April 15, 1965, the plaintiff shall notify the law firm of Rayborn, Rayborn & Rayborn, P. O. Box 321, Twin Falls, Idaho, in writing, of the date when the school which the minor child of the parties is attending lets out in the spring of 1965.

At twelve o'clock noon on the first Monday following the day when said school lets out in the spring of 1965, the defendant shall appear at 124 De La Grulla, San Clemente, California, at which time and place he shall receive and take custody of the minor child of

the parties, Eric Heidemann. The plaintiff is hereby specifically ordered to have said child at said address at said time and to then deliver him to defendant. The defendant shall be entitled to then have custody of said child for a full period of one month and shall at the end of said month return said child to said address. If plaintiff is not residing at said address at said time, she is hereby ordered to nevertheless have said child at said address at said time, unless this Order is amended by the provisions of a later Order of this Court hereafter. Plaintiff shall not be excused from failure to have said child at said address at said time for any reason whatsoever, unless this Order is hereafter amended by Order of this Court.

All child support payments from defendant to plaintiff for the support of Eric Heidemann are hereby suspended commencing with the month of February, 1965, and said suspension shall continue until defendant has received said minor child and had custody of said child for a full period of one month."

The appellant did not notify in writing the law firm of Rayborn, Rayborn & Rayborn, Twin Falls, Idaho, of the school termination date. The appellant testified at the hearing that she notified the respondent's attorneys by telephone of the proper date. However, respondent's Exhibit I introduced during the hearing shows there was no communication between the parties at that time. Since that time the appellant has failed to notify the respondent of her current address.

■ The district court's finding that the appellant was in violation of the trial court's orders of 1964 and 1965 is supported by ample evidence and the district court did not abuse its discretion in refusing judgment for back child support. We agree with the district court's finding that the order of 1965 is controlling and the time for appeal of that order has long since passed.

■ Notwithstanding the above, the appellant argues that payments for the support of children are for their benefit and not for the benefit of the former wife. As such, appellant contends, this Court should refuse to recognize disobedience of the decree by the former wife as a ground for withholding such payments.

The Court faced this issue in the case of Kirkwood v. Kirkwood, 83 Idaho 444, 363 P.2d 1016 (1961). Therein evidence sustained the finding that the wife denied the husband right of visitation with his children. However, the Court examined the showing made by the wife and concluded that:

" * * * the children will need the support payments. Therefore, such payments cannot be withheld as a means of enforcing plaintiff's compliance with the decree and order defining defendant's right of visitation. That right must be enforced by other remedies." 83 Idaho 444, 451, 363 P.2d 1016, 1020.

In the case at bar, there was no showing made by the appellant that the child was in need of support payments. The appellant testified at the hearing the only reason she was bringing the action after nine years was to assist the child in his college education. Respondent's obligation to support terminates when the child reaches majority, at the age of 18, and the child would just be entering college. No showing has been made to justify the award of back child support, therefore, the order of February, 1965, is controlling and the district court did not abuse its discretion in denying appellant's motion.

■ Appellant also assigns as error the district court's refusal to modify the decree of divorce to provide for $125 per month child support. She submits that the support payments should be increased upon a showing of inadequacy of the amount specified. We disagree. A decree of divorce should not be modified unless and until a permanent material change of circumstances is alleged and proven. Embree

v. Embree, 85 Idaho 443, 450, 380 P.2d 216 (1963). The facts at bar establish no such showing, and there is no evidence that the appellant cannot raise and maintain the child on her present income.

Appellant also alleges as error the district court's refusal to grant attorney's fees for bringing the action.

The award of attorney's fees is discretionary with the court. I.C. § 32–704; Adams v. Adams, 93 Idaho 113, 117, 456 P.2d 757 (1969). In her affidavit in support of motion for modification, the appellant failed to set out any factual showing that she was unable to pay her attorney's fee and costs. In fact, during the hearing she testified that she could pay the attorney's fees if required. Additionally, the appellant was the moving party, and the current posture of the case is a result of her refusal to comply with the trial court's orders concerning respondent's visitation rights. In *Kirkwood,* 83 Idaho at page 449, 363 P.2d 1016, this Court found that the appellant had persistently evaded and obstructed the trial court's order with reference to visitation. Attorney's fees therefore were denied, wherein this Court stated:

"Her continued willful disobedience of the decree occasioned the repeated applications by defendant for the help of the court in securing his right of visitation. Under such circumstance she was not entitled to an order having the effect of requiring the defendant to finance her defense in litigation resulting solely from her contemptuous conduct." 83 Idaho 444, 449, 363 P.2d 1016, 1019.

We are faced with a similar situation in the instant case. There has been no effort whatsoever by the appellant to comply with either the letter or spirit of the trial court's prior orders. Therefore the trial court did not abuse its discretion in refusing to award attorney's fees and costs to the appellant.

Affirmed. Costs to respondent.

SHEPARD, C. J., and McQUADE, McFADDEN, and BAKES, JJ., concur.