359 So.2d 62 (1978)
Anibel K. TYRRELL, Appellant,
v.
Gordon W. TYRRELL, Appellee.
No. DD-254.
District Court of Appeal of Florida, First District.
June 8, 1978.
*63 C. Roger Vinson of Beggs & Lane, Pensacola, for appellant.
David H. Levin, Louis K. Rosenbloum of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellee.
PER CURIAM.
This is an appeal from each provision of two post judgment orders entered by the trial court.
By final judgment dated November 15, 1972 the marriage between the parties was dissolved; the wife was awarded custody of the minor children subject to reasonable visitation by their father, jurisdiction having been retained to enter such orders as may be necessary "in the event the parties are unable to agree upon reasonable visitation"; the husband was required to pay $400.00 per month child support "payable during the dependency and minority of said minor children"; the husband was required to pay rehabilitative alimony for a period of eighteen months "subject to review * * upon a change of circumstances of either party"; disposition was made of various personal properties; the husband was required to pay the wife's attorney's fees and costs and to maintain certain then existing life insurance, the wife to be the primary beneficiary "in trust for the use and benefit of the minor children"; and the wife was awarded exclusive use and occupancy of the marital home and the furniture and fixtures located therein. The final judgment contained a provision that "The court will entertain a separate petition for partitioning and distribution of other properties." Upon appeal of the wife, this court, in a per curiam opinion, affirmed. See Tyrrell v. Tyrrell, 281 So.2d 221 (Fla. 1st DCA 1973).
On November 25, 1974, in response to petitions from each party, the trial judge entered a lengthy order which followed two hearings, in which order the trial judge recited, inter alia:
"Testimony clearly reveals that Petitioner, Gordon W. Tyrrell has, without order *64 of Court, expended almost twice the amount required for the support of his children, upkeep of the home and automobiles; payment of taxes and other miscellaneous expenditures, including but not limited to $110.00 per month for boarding two horses. Testimony further reveals that although Gordon W. Tyrrell has had his two sons with him overnight occasionally, that his visitation with his two daughters has been very limited and that the Petitioner, Anibel K. Tyrrell, has vehemently opposed the daughters visiting with their father because he was a man. It is obvious to the Court that to require the daughters to spend the night with their father would result in continued litigation because it is the Court's feeling that at the present time they would not exercise visitation overnight even with a Court Order. It is difficult for this Court to understand how the two daughters can accept support from their father over and above that required by the Court and continue to refuse him his parental rights. The Court specifically finds that there has been no material change in circumstances since the entry of the Final Judgment, except that the wife, Anibel K. Tyrrell is now gainfully employed."
On July 1, 1976 the trial judge entered an order relative to visitation by the children during that summer. That order gives rise to one of the points involved on this appeal. However, the summer of 1976 had long since passed when this case matured and was ready for oral argument. That point is now therefore moot. In any event, however, our examination of the record reveals that the trial judge did not abuse his discretion by the entry of that order.
Another order was entered by the trial judge on August 13, 1976. That order, too, is here appealed. We will refer to the pertinent provisions as we discuss each point raised by appellant.
By her first point, appellant argues that the trial judge erred in terminating child support for the eighteen year old daughter, Jan, citing Finn v. Finn, 312 So.2d 726 (Fla. 1975). The record, however, sustains the husband's reply that the support for the child, Jan, was not terminated because she had attained eighteen years of age, but rather because, in the words of the trial court as found in the order appealed, "it being the Court's finding that she should not receive support from her father, whom she does not acknowledge nor does she even visit." In his order the trial judge continues by referring the parties to his prior order of November 25, 1974. We conclude that the learned trial judge did not err as to that point. (See Putnam v. Putnam, 136 Fla. 220, 186 So. 517 (1939); Cortina v. Cortina, 108 So.2d 63 (Fla. 2nd DCA 1958) and Williams v. Williams, 167 Miss. 115, 148 So. 358, 88 A.L.R. 197).
Appellant next contends that the trial court erred in denying her petition for an increase in child support. The evidence with reference to the financial condition of the parties was in conflict. The trial judge in his order, denying the requested increase, recited as the reason for the denial that the testimony revealed that the husband is on the verge of bankruptcy and that the wife is now employed but was not employed at the time of the dissolution of the marriage. The evidence sustains that finding. We find no abuse of discretion there.
By the third numbered paragraph of the order appealed the trial judge referred to the visitation plan which was meticulously and carefully set out in his November 24, 1974 order, admonished the parties that violation would not be tolerated and then directed the husband to "call the wife twenty-four hours in advance on those occasions when he cannot exercise such visitation." By her third point the wife appeals that provision urging that the twenty-four hour notice requirement should have been two weeks instead. Finding no abuse of discretion we affirm on that point.
The last provision of the August 13, 1976 order here being appealed provides:
"4. Inasmuch as the Wife has asked for partition of the properties, partition is *65 granted. The Court specifically finds that the Wife has no interest in any of the properties and the business, however, she does have an interest in the marital home, the furniture and fixtures therein and the cemetery lots. The marital property and cemetery lots shall be sold to the highest bidder and the proceeds divided equally, except that the Husband shall be entitled to a special equity in the mortgage note payments which he has made since entry of the final judgment."
That provision gives rise to the remaining two points urged by appellant on this appeal.
Appellant first contends, regarding that provision, that the trial court erred in finding that she had no interest in any of the marital properties other than the marital home, the furniture and fixtures therein and the cemetery lots. The record reveals that in reality appellant attempted to establish a special equity in the properties (some real and some personal) by virtue of having been "a mother and homemaker" under the doctrine of this court's opinion in Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974). Our examination of the record reveals no abuse of discretion. We also affirm on that point.
Appellant words her final point as follows:
"The court erred in ordering that the marital property and cemetery lots are to be sold to the highest bidder and the proceeds divided equally except that the husband is to retain a special equity in the mortgage note payments he had made since entry of the final judgment."
She presents three separate arguments under that point. First, she argues that the trial judge erred in granting partition. Our examination of the record reveals that she herself filed a post judgment petition entitled "Petition for Partition of Property" in which she requested "a partition of the marital properties, including all those properties, both real and personal, acquired by Gordon W. Tyrrell and Anibel K. Tyrrell, or either of them, during the continuance of their marriage * * *" The husband, too, filed a petition for partition of the marital home. The trial judge did not err in granting those petitions. A further assault is directed to the proviso: "except that the husband shall be entitled to a special equity in the mortgage note payments which he has made since entry of the final judgment." We find no error there.
Continuing, as to the last above mentioned point, appellant points out that that provision in the order is deficient under chapter 64 Florida Statutes in that no conditions of the sale are established, no provision is made for advertising, no time table nor date of sale is established, etc. We must agree that the order is deficient in that regard. We, accordingly, construe the order as being interlocutory in nature and granting the petitions for partition. We remand, however, for the entry of an amended order or supplementary order complying with the applicable law relative to partition.
Appellant's request for attorney's fees incident to this appeal is denied. Appellee husband has made no such request.
IT IS SO ORDERED.
BOYER, Acting C.J., and ERVIN and MILLS, JJ., concur.